887 F.2d 1046
 Almario M. AVILES, Plaintiff-Appellant,
v.
William LUTZ, Ruth Davey, Gayla Fuller, Arnold Battise,
Michel Lincoln, Lewis Tutt, Jonathan Sugarman, Bruce
Gardner, Taylor McKenzie, James Benallie, Deborah Denetclaw,
Theresa Nelson, Carol Walker, Department of Justice,
Department of Health & Human Services, Indian Health
Services, and Does 1 Thru 50, Inclusive, Defendants-Appellees.
 No. 89-2007.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 17, 1989.
 
 Almario M. Aviles, pro se.
 John R. Bolton, Asst. Atty. Gen., and John F. Cordes and Marilyn S.G. Urwitz, Dept. of Justice Appellate Staff, Washington, D.C., for defendants-appellees.
 Before LOGAN, SEYMOUR and BALDOCK, Circuit Judges.*
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant, Almario Aviles, is a former medical technologist with the Indian Health Service (IHS), a federal agency under the jurisdiction of the Secretary of Health and Human Services (HHS). See 25 U.S.C. Secs. 1601-1680j. Between September 1986 and July 1987, Aviles instituted two civil and five administrative suits against HHS, IHS and a myriad of federal employees alleging discrimination, defamation and retaliatory discharge arising out of the government's failure to promote him and subsequent termination of his employment. In January 1988, Aviles agreed to dismiss his various claims with prejudice and not seek further federal employment in exchange for payment of $63,000, and IHS' promise to expunge his personnel file. The written settlement agreement, drafted by government attorneys and executed by Aviles, provided for his resignation effective July 23, 1987.
 
 
 2
 Apparently dissatisfied with his settlement, Aviles, pro se, filed a two count complaint in federal district court two weeks later. Count one alleged defamation by HHS, IHS and various individuals acting within the scope of their government employment, and sought $3,000,000 in damages. Count two alleged tortious interference with Aviles' employment rights by the Department of Justice (DOJ), HHS and the attorneys responsible for drafting the settlement agreement, and likewise sought $3,000,000 in damages. The district court dismissed the complaint, holding that suit against the named federal agencies, employees and attorneys was barred under the doctrines of sovereign immunity, res judicata and absolute immunity, respectively. Aviles appeals invoking our jurisdiction under 28 U.S.C. Sec. 1291. Our review is plenary. Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989). We affirm the district court's dismissal of the complaint but remand for entry of judgment dismissing all defendants for want of jurisdiction.[1]
 
 
 3
 Aviles' complaint did not state a basis for the district court's jurisdiction as required by Fed.R.Civ.P. 8(a)(1). Affording pro se pleadings the liberal construction to which they are entitled under Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972), we therefore construe Aviles' tort claims as arising under the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 1346(b), 2401(b), 2671-80. As construed, the district court acted quite properly in dismissing Aviles' claims against DOJ, HHS and IHS. A claim for money damages against a federal agency is generally considered one against the United States, and can proceed only if Congress has waived sovereign immunity and consented to the action. Blackmar v. Guerre, 342 U.S. 512, 514-16, 72 S.Ct. 410, 411-12, 96 L.Ed. 534 (1952); Chournos v. United States, 335 F.2d 918, 918-19 (10th Cir.1964). In this case, Aviles' only possible remedy arose under 28 U.S.C. Sec. 1346(b) which constitutes a waiver of the government's immunity from tort actions generally. That section, however, does not provide for suits against agencies of the United States. Rather, the statute grants the district courts exclusive jurisdiction over civil actions against the United States for injury caused by the acts or omissions of federal employees:
 
 
 4
 [T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
 
 
 5
 Id. Because Congress has not authorized suit against DOJ, HHS and IHS in the FTCA, the district court was without subject matter jurisdiction to adjudicate the claims against these defendants.
 
 
 6
 Similarly, the district court lacked subject matter jurisdiction over the individual defendants under the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub.L. No. 100-694, 102 Stat. 4563.[2] Under 28 U.S.C. Sec. 2679, the remedy provided by Sec. 1346(b) against the United States is exclusive:
 
 
 7
 The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim....
 
 
 8
 Id. Sec. 2679(b)(1) (emphasis added). Where the attorney general certifies that the employees were acting within the scope of their employment at the time of the alleged mishap, the individual defendants must be dismissed from suit and the United States substituted in their place:
 
 
 9
 Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.
 
 
 10
 Id. Sec. 2679(d)(1) (emphasis added). Once the attorney general decides under subsection (d)(1) to certify an action, the substitution of the United States as a defendant does not admit of discretion.
 
 
 11
 Relying on the provisions of Sec. 2679, the defendants submitted the certification of the director of DOJ's tort branch to the district court and moved to substitute the United States as the sole defendant. The district court never addressed that motion. On appeal, the defendants now argue that not only should the United States have been substituted as the defendant, but also the complaint then should have been dismissed pursuant to 28 U.S.C. Sec. 2680. We agree.
 
 
 12
 Section 2680 encompasses exceptions to the United States' general waiver of immunity contained in Sec. 1346(b). These exceptions mark the boundaries "between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." United States v. Varig Airlines, 467 U.S. 797, 808, 104 S.Ct. 2755, 2762, 81 L.Ed.2d 660 (1984). In this instance, we are concerned with subsection (h) which exempts from the provisions of the FTCA and Sec. 1346(b) "[a]ny claim arising out of ... libel, slander ... or interference with contract rights." 28 U.S.C. Sec. 2680(h). Undoubtedly, Sec. 2680(h) bars any cause of action Aviles might have against the United States. Aviles' allegation that certain government employees defamed him falls squarely within the libel and slander exception of subsection (h). His allegation that government attorneys interfered with his right to contract for government employment through the language of the settlement agreement meets a like fate under that subsection.
 
 
 13
 Yet one might ask why, if Sec. 2680 renders the FTCA inapplicable to Aviles' claims, he cannot pursue this action against the defendants individually. See Newman v. Soballe, 871 F.2d 969, 972-73 (11th Cir.1989) (where FTCA is inapplicable, military physician performing service in foreign country may be held liable for malpractice as an individual); but see id. at 978-79 (Hatchett, J., dissenting). Apart from our reluctance to apply the individual versus official capacity distinction to common law torts, see Papasan v. Allain, 478 U.S. 265, 276-79, 106 S.Ct. 2932, 2939-41, 92 L.Ed.2d 209 (1986), such a conclusion is foreclosed by the plain language of Sec. 2679 and its legislative history. Subsection (d)(4) plainly states that upon the attorney general's certification that a federal employee charged with misconduct was acting within the scope of his or her employment at the time of the incident, an action subject to Sec. 2679(d)(1) "shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those actions." 28 U.S.C. Sec. 2679(d)(4) (emphasis added). The mandatory language of subsection (d) does not permit us to challenge the attorney general's certification. Further, the House Report on the 1988 amendments to the FTCA unequivocally supports our conclusion that the United States should be substituted as a defendant under Sec. 2679 and then dismissed under Sec. 2680:
 
 
 14
 The "exclusive remedy" provision of section 5 [Sec. 2679] is intended to substitute the United States as the solely permissible defendant in all common law tort actions against Federal employees who acted in the scope of employment. Therefore, suits against Federal employees are precluded even where the United States has a defense which prevents an actual recovery. Thus, any claim against the government that is precluded by the exceptions set forth in Section 2680 of Title 28, U.S.C. also is precluded against an employee in his or her estate.
 
 
 15
 H.R.Rep. No. 700, 100th Cong., 2d Sess. 6, reprinted in 1988 U.S.Code Cong. & Admin.News 5945, 5950 (emphasis added). See Moreno v. Small Business Admin., 877 F.2d 715, 716-17 (8th Cir.1989) (claims of defamation, tortious interference with contractual relations and intentional infliction of emotional distress cognizable only against the United States). Aviles could certainly state a claim against the United States under Sec. 1346(b). But when we account for Secs. 2679 and 2680, we must conclude that Aviles' suit is barred because in this instance Congress has not waived the sovereign immunity of the United States and its employees. See Powers v. Schultz, 821 F.2d 295, 298 (5th Cir.1987) (complaint stating malpractice claim barred by Sec. 2680).
 
 
 16
 Accordingly, we remand to the district court with instructions to enter judgment dismissing the complaint for lack of subject matter jurisdiction. As so modified, the judgment is affirmed.
 
 
 17
 AFFIRMED and REMANDED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [1]
 Initially, we note that the district court failed to enter a "final judgment" on a separate document as required by Fed.R.Civ.P. 58. Notwithstanding, where no question exists as to the finality of the district court's decision, the absence of a Rule 58 judgment will not prohibit appellate review. Kunkel v. Continental Casualty Co., 866 F.2d 1269, 1272 n. 3 (10th Cir.1989). Under 28 U.S.C. Sec. 1291, the circuit court has jurisdiction of "final decisions" of the district court. Because the district court in this case disposed of the entire complaint, we may exercise jurisdiction over Aviles' appeal. We remind the district courts, however, it is preferable to comply with Fed.R.Civ.P. 58 for purposes of clarity
 
 
 [2]
 The amendments to the FTCA made by the 1988 Act "apply to all claims, civil actions, and proceedings pending on, or filed on or after, the date of the enactment of this Act," November 18, 1988. Pub.L. No. 100-694, Sec. 8, 102 Stat. 4565. This action was filed February 4, 1988, and thus was pending on the date of the amendments' enactment