**David P. KISSELL**

v.

**Gene MANN.**

**Civ. No. 90–106–S.**

United States District Court,
D. New Hampshire.

July 19, 1990.

---

David P. Kissell, Manchester, N.H., pro se.

Gretchen Leah Witt, Concord, N.H., for defendant.

## ORDER

STAHL, District Judge.

On February 2, 1990, plaintiff, David Kissell, filed a small claims complaint against defendant, Gene Mann, Supervisor of Manchester Postal Unit No. 4. Plaintiff's complaint alleged "failure to exibit (sic) reasonable care in delivering a package. The packge (sic) was stolen." Pursuant to 28 U.S.C. §§ 1441, 1442(a)(1) and 1446, defendant removed the case to this Court. Currently before the Court is defendant's motion to dismiss or for summary judgment. Although plaintiff did not respond to defendant's motion, the Court has not considered this factor in making its determination. For the reasons which follow, defendant's motion to dismiss is granted for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

*Discussion*

Alleging that his package had been stolen due to defendant's negligence, plaintiff brought this action against "Supervisor: Gene Mann Unit 4 United States Post Office". Plaintiff claimed damages for defendant's failure to leave a card in plaintiff's mail box informing him that a package had been delivered. *See* Complaint. Although it is unclear whether plaintiff is suing the United States Post Office or defendant Mann individually, the Court will proceed as if defendant Mann is named as an individual defendant.

In 1988, Congress amended the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.*, by passing the Federal Employees Liability Reform and Tort Compensation Act of 1988 (Public Law 100–694). The amendment grants federal employees broad immunity from state law suits based on common law tort claims. Specifically, it provides that:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's state is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1). Congress further provided a mechanism for determining when federal employees are acting within the scope of employment, and are thus personally immune from suit. Specifically:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). Upon the Attorney General's certification, the Court has no discretion as to whether the United States should be substituted as a party, for the wording of the statute is mandatory. *S.J. and W. Ranch, Inc. v. Lehtinen*, 717 F.Supp. 824 (S.D.Fla.1989).

United States Attorney Jeffrey R. Howard, under the authority of the Attorney General, has certified that Mr. Mann was acting within the scope of his employment, as an employee of the United States, at the time of the incident. *See*, Certification of Jeffrey R. Howard. Accordingly, the United States is herewith substituted for Mr. Mann as the proper defendant. 28 U.S.C. § 2679(d)(1).

"The United States as sovereign, is 'immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981), quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1980). Through the FTCA, Congress provided a waiver of sovereign immunity in certain cases. *See* 28 U.S.C. § 1346(b). However, it retained immunity for particular tort claims made against the United States. Specifically, 28 U.S.C. § 2680 provides:

> The provisions of this chapter and section 1346(b) of this title shall not apply to—(b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.

28 U.S.C. § 2680(b). Accordingly, to the extent that it asserts a cause of action for negligence against the Postal Service, plaintiff's complaint must be dismissed. *See Anderson v. United States Postal Service*, 761 F.2d 527 (9th Cir.1985); *Allied Coin Investment, Inc. v. United States Postal Service*, 673 F.Supp. 982, 986

(D.Minn.1987); *E.F. Hutton Group, Inc. v. United States Postal Service,* 723 F.Supp. 951, 957 (S.D.N.Y.1989).

In the case at bar, plaintiff alleges that the Post Office failed "to exibit (sic) reasonable care in delivering a package". *See* Complaint. So stated, his claim lies within the "negligent transmission of letters or postal matter" exception of 28 U.S.C. § 2680(b). Accordingly, plaintiff's claim must be dismissed as this Court lacks jurisdiction to entertain the suit.

*Conclusion*

For the reasons stated hereinabove, defendant's motion to dismiss (doc. # 4) is granted pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

SO ORDERED.