Gabriele E. **JACKSON**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

Civ. A. No. 90–B–0775.

United States District Court,
D. Colorado.

Dec. 4, 1990.

Frank Plaut, Plaut/Lipstein/Cohen/PC, Lakewood, Colo., for plaintiff.

Chalk S. Mitchell, Asst. U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me is plaintiff Gabriele E. Jackson's (Jackson) motion to set aside order of substitution, and to remand to state court. This action was originally brought in the El Paso County District Court, Colorado against Gary Neuger (Neuger), a psychotherapist employed by the United States Army. Neuger and the United States filed a notice of removal and a certificate of scope of employment with this court. After removal, I substituted the United States for Neuger as the sole defendant. Jackson contests the propriety of both the removal and the substitution. Because the removal and substitution was improper, I grant the motion.

Jackson filed a verified complaint in El Paso County, Colorado District Court against Neuger. Jackson alleged that Neuger had sexual intercourse with her while she was under his professional care. The theories underlying the claim include negligence, breach of fiduciary duty and outrageous conduct. Jackson has also initiated an administrative proceeding with the Department of the Army, based on Neuger's continued treatment of Jackson in spite of their sexual relationship.

The United States filed a notice of removal of the El Paso County District Court action, certifying that the psychiatric treatment Neuger provided was within the scope of his employment as provided in 28 U.S.C. § 2679(d)(2). On the United States' motion, I substituted the United States as the sole defendant for Neuger. Jackson now moves to reinstate Neuger as the defendant and remand the action back to El Paso County District Court. The United States responded to the motion and Jackson filed a reply. Because I expressly ordered that no leave to reply would be granted, however, I do not consider Jackson's reply.

The basis for Jackson's motion is that the United States' certification of the scope of Neuger's employment does not encompass the alleged sexual misconduct. That being the case, Jackson argues, removal and substitution under 28 U.S.C. § 2679(d)(2) and 28 C.F.R. § 15.3 was inappropriate. I agree.

Removal of any civil action and substitution of the United States is proper "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the suit arose...." 28 U.S.C. § 2679(d)(2). The certification "shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2).

Thus, had the United States certified that Neuger was acting within the scope of his employment at the time of the alleged sexual misconduct, removal and substitution may have been appropriate. *See Aviles v. Lutz*, 887 F.2d 1046, 1048–49 (10th Cir. 1989). The certificate here, however, is not so worded. It states that "[t]he department of the Army confirms that Dr. Neuger was employed at Fort Carson, Colorado, and treated [Jackson] in 1985 and 1986. Thus any psychiatric treatment provided by Dr. Neuger to plaintiff was within the scope of Gary Neuger's employment as an employee of the United States Army." As to the allegations of sexual misconduct, however, the certificate states only that Neuger "denies the allegation that he had sexual intercourse with [Jackson] and asserts that his only contact with her was as a treating physician employed by the United States Army."

The certificate is devoid of any allegation that any sexual relationship between Neuger and Jackson was within the scope of his employment with the Army. The certificate is limited to conveying Neuger's denial of engaging in such conduct. His denial

quivalent of a declaration by the United States that Neuger was acting within the scope of employment at the time of the alleged sexual misconduct. Were it otherwise, a defendant would be able to obtain a removal and substitution with nothing more than a bald assertion to the United States Attorney that he or she acted solely within the scope of employment.

Furthermore, contrary to the United States' assertion, Jackson has no burden "to provide sufficient proof that the alleged sexual conduct in fact occurred." Rather, I must assume the allegations in the complaint are true and look to the certification only to determine if the United States attests that Neuger was acting within the scope of his employment at the time of the alleged conduct. The certification is neither a device to force Jackson to prove her case nor a forum for Neuger to profess his innocence.

Finally, even if the certification did state that the alleged conduct was within the scope of Neuger's employment, it is not clear that the certification is beyond judicial review. The statute specifies only that the certification is conclusive for the purpose of removal, but does not address substitution. Consequently, courts have reviewed the certification to determine if substitution is appropriate. *E.g., S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1540–44 (11th Cir.1990); *Melo v. Hafer*, 912 F.2d 628, 641 (3d Cir.1990); *Nasuti v. Scannell*, 906 F.2d 802, 812–13 (1st Cir. 1990); *Arbour v. Jenkins*, 903 F.2d 416, 421 (6th Cir.1990). Because, however, the United States has failed to certify that Neuger was acting within the scope of his employment when engaged in the conduct alleged in the complaint, I need not confront the propriety of determining the accuracy of the certificate.

Accordingly, it is ORDERED THAT

(1) Gabriele E. Jackson's motion to set aside order of substitution and for remand to state court is GRANTED.

(a) My Order of May 3, 1990, substituting the United States for Gary Neuger, is VACATED;

(b) Gary Neuger is SUBSTITUTED for the United States of America as the sole defendant in this case. The caption of this action is amended to reflect the modification;

(c) This action is REMANDED to the District Court in and for the County of El Paso and State of Colorado;

(2) Each party is to bear it own costs.