**Marilyn J. FAIR, Plaintiff,**

v.

**Gerald SWANSON and John Agee, Defendants.**

**Civ. A. No. 90–B–1225.**

United States District Court, D. Colorado.

Jan. 8, 1991.

Marilyn Fair, Colorado Springs, Colo., pro se.

William G. Pharo, Asst. U.S. Atty., Denver, Colo., Marilyn Kristovich, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendants.

## MEMORANDUM OPINION & ORDER

BABCOCK, District Judge.

Before me are *pro se* plaintiff Marilyn J. Fair's (Fair) motions (1) to remand to state court and (2) for summary judgment. Also before me are the United States' motions (1) to substitute defendants, (2) to dismiss or in the alternative cross-motion for summary judgment, and (3) for costs and attorneys' fees. This action was removed from the El Paso County District Court, Colorado. Fair's claims arise from the efforts of the Internal Revenue Service (IRS) to collect the 1983 income tax liabilities of Fair by filing a tax lien. Because removal and substitution are appropriate, and because the claims are barred by sovereign immuni-

ty, I deny Fair's motions and grant the United States' motions except for costs and attorneys' fees.

This dispute arises from the filing of an allegedly fraudulent tax lien against Fair in the Office of the El Paso County, Colorado, Clerk. In her complaint, liberally construed, Fair alleges three causes of action against IRS employees Gerald Swanson (Swanson) and John Agee (Agee). Her first cause of action is one for fraud. She alleges that the "Public filing of a Fraudulent Form such as this alleged 'Lien' is in violation of Colorado State Law [sic]." She seeks injunctive relief to purge the lien from the records. Fair's second cause of action is for defamation. She alleges that the lien "is creating a public impression that [Fair] is indebted to the government, refusing to pay her taxes, thereby giving the impression that she is a 'poor citizen' and should be looked upon and treated as such by the public." She seeks $5,000 for this injury. Fair's third cause of action is for alienation of affection. She alleges that the "Public filing of this Fraudulent Form is creating an atmosphere between [Fair] and her spouse, which harms the conjugal fellowship of husband and wife and creates discord in the home [sic]." She seeks $10,000 for this injury. Although Fair insists that she does not seek recovery for common law torts, the wording of the complaint is susceptible only of the interpretation above. Fair has not sought leave to amend her complaint to state upon what other legal theories she wishes to seek relief.

## I. Removal and Substitution

■ The United States filed a notice of removal of the El Paso County District Court action, pursuant to 28 U.S.C. §§ 1441, 1442(a)(1) & 1446. The United States also filed a certificate stating that the alleged conduct of Swanson and Agee was within their scope of employment under 28 U.S.C. §§ 2679(d)(1) & (2). Fair now moves to remand the action back to El Paso County District Court and the United States requests that I substitute the United

States for Swanson and Agee as the defendant.

Removal of any civil action and substitution of the United States is proper "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the suit arose...." 28 U.S.C. §§ 2679(d)(1) & (2). The certification "shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). Certification is also conclusive for the purpose of substitution. *Aviles v. Lutz*, 887 F.2d 1046 at 1049 (10th Cir.1989). Furthermore, such an action "shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to these actions." 28 U.S.C. § 2679(d)(4).

The United States Attorney General, through the United States Attorney for the District of Colorado and pursuant to 28 C.F.R. § 15.3, certified that Swanson and Agee were acting within the scope of their employment as employees of the United States at the time of the conduct alleged in the complaint. Fair argues that the certificate of Swanson and Agee's employment is incorrect.

The rule in the Tenth Circuit, however, is that certification conclusively establishes the scope of employment for the purposes of removal and substitution. *Aviles v. Lutz*, 887 F.2d 1046, 1049 (10th Cir.1989) ("[o]nce the attorney general decides under subsection (d)(1) to certify an action, the substitution of the United States as a defendant does not admit of discretion."). *But see S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1540–44 (11th Cir.1990); *Melo v. Hafer*, 912 F.2d 628, 641 (3d Cir. 1990); *Nasuti v. Scannell*, 906 F.2d 802, 812–13 (1st Cir.1990); *Arbour v. Jenkins*, 903 F.2d 416, 421 (6th Cir.1990). The Attorney General need not provide more than the certificate. 28 U.S.C. § 2679(d)(1) & (2).

It is irrelevant that Fair's complaint does not allege that Swanson and Agee were acting within their scope of employment. Indeed, the function of the certificate would be obliterated if it was valid only when the plaintiff agreed with its contents.

## II. CROSS-MOTIONS FOR SUMMARY JUDGMENT

Fair moves for summary judgment and the United States moves for dismissal or in the alternative for summary judgment. I treat the motions as cross-motions for summary judgment.

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment is appropriate against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The nonmovant must offer evidence to dispute the facts demonstrated by the evidence of the movant. *R–G Denver, Ltd. v. First City Holdings of Colorado*, 789 F.2d 1469, 1471 (10th Cir.1986). The party bearing the burden of proof cannot rely on conclusory allegations in an affidavit. *Lujan v. National Wildlife Fed'n*, —— U.S. ——, ——, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695, 716 (1990).

Because the United States must be substituted here for Swanson and Agee, if Swanson and Agee were acting within the scope of their employment, Fair's claims necessarily arise under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) & 2671–80. *Aviles*, 887 F.2d at 1048; *see Mitchell v. Carlson*, 896 F.2d 128, 134–35 (5th Cir.1990); *Moreno v. Small Business Admin.*, 877 F.2d 715, 716–17 (8th Cir. 1989). The United States seeks to avail itself on a summary judgment motion of the defenses provided in the FTCA. *See* 28 U.S.C. § 2679(d)(4).

It is not clear whether the Attorney General's certificate conclusively establishes the scope of Swanson and Agee's employment for purposes beyond removal and substitution. Some courts have limited the use of the certificate to determine the appropriateness of remand only, requiring the United States to make a factual showing that the employees were acting within the scope of their employment for other purposes. *See, e.g., Arbour,* 903 F.2d at 419–22; *Melo,* 912 F.2d at 640; *Donio v. United States,* 746 F.Supp. 500, 503 (D.N.J.1990); *Kelly v. United States,* 737 F.Supp. 711, 715 (D.Mass.1990). Others have treated the certificate as conclusive on the issue of scope of employment for all purposes. *See, e.g., Rauccio v. Frank,* 750 F.Supp. 566 (D.Conn. Oct. 29, 1990); *Kissel v. Mann,* 750 F.Supp. 55 (D.N.H.1990); *McDonald v. Hassard,* No. 89–0036–B, 1989 WL 139219 (D.Me. July 13, 1989) (LEXIS Genfed Library, Dist file). The Tenth Circuit has implicitly indicated that the certificate is conclusive for all purposes. *Aviles,* 887 F.2d at 1048–50.

I need not resolve that issue here, however, because the United States has gone beyond the certificate to establish the Swanson and Agee were acting within the scope of their employment at the time of the incident out of which the suit arose. For example, the United States provided affidavits of both Swanson and Agee confirming their duties with the IRS. Fair countered with an affidavit of her own which was virtually identical to her pleading and merely repeated points of law. She has come forward with no evidence to establish the existence of a material question of fact as to the scope of Swanson and Agee's employment. Her affidavit is not enough to show the existence of a genuine issue of material fact because

> Rule 56(e) provides that judgment "shall be entered" against the nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial." The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations in the affidavit.

*Lujan,* —— U.S. at ——, 110 S.Ct. at 3188, 111 L.Ed.2d at 716. I conclude, as a matter of law, that Swanson and Agee were acting within the scope of their employment when they filed the tax lien.

■ The United States argues that the action is barred by sovereign immunity. With the enactment of the FTCA, the United States waived its sovereign immunity as to certain claims caused by the "negligent or wrongful act or omission of any employee while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). The waiver of immunity does not extend to all claims, however. 28 U.S.C. § 2680.

The FTCA expressly omits from its waiver of sovereign immunity claims arising from the collection of taxes. 28 U.S.C. § 2680(c). There is no dispute that all the claims in Fair's complaint arise from the IRS's attempt to collect the 1983 tax liabilities of Fair. Consequently, regardless of how Fair characterizes her claims, they are barred by sovereign immunity. *National Commodity and Barter Ass'n v. Gibbs,* 886 F.2d 1240, 1245–47 (10th Cir.1989); *see also* 28 U.S.C. § 2680(h); *Aviles,* 887 F.2d at 1049 (sovereign immunity not waived for defamation actions).

Fair's suit is barred by sovereign immunity. Consequently, I need not address the United States' argument that the action is barred by the Anti–Injunction Act.

## III. ATTORNEY FEES AND COSTS

Fair is perilously close to Rule 11 sanctions. Her incessant filings and haphazard motions have drained valuable resources from both the United States and the judicial system. The United States has responded in good faith to Fair's often absurd pleadings and has filed well-founded motions to dispose of this action expeditiously. By virtue of this Order, Fair is put on notice that the judicial system will not and cannot endure frivolous attempts to present nonsensical claims. The fact that Fair appears *pro se* does not immunize her from sanctions, especially when one notes that she is no stranger to this Court. In

the hope that this warning will suffice to convince Fair not to further test the boundaries of the liberal standards applicable to *pro se* litigants, however, I decline to impose sanctions.

Accordingly, it is ORDERED THAT

(1) Marilyn J. Fair's motion to remand to the District Court in and for the County of El Paso and State of Colorado is DENIED;

(2) The United States' motion to substitute the United States for Gerald Swanson and John Agee as the sole defendant is GRANTED;

(3) The United States' motion to dismiss or in the alternative cross motion for summary judgment is GRANTED; Marilyn J. Fair's motion for summary judgment is DENIED;

(4) The United States' motion for costs and attorneys' fees is DENIED. Each party is to bear it own costs.