947 F.2d 953
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marilyn J. FAIR, Plaintiff-Appellant,
v.
Gerald SWANSON; John Agee; and United States of America,
Defendants-Appellees.
 No. 91-1052.
 United States Court of Appeals, Tenth Circuit.
 Sept. 4, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on appellant's motion for leave to proceed on appeal without prepayment of costs or fees. We grant appellant's motion and proceed to the merits of the case. See 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 3
 Ms. Marilyn J. Fair appeals the dismissal of her pro se complaint on summary judgment by the United States District Court for the District of Colorado. She challenges the removal of the cause to federal court, the substitution of the United States government for the named defendants, and the grant of summary judgment to the defendants based on sovereign immunity.
 
 
 4
 The plaintiff originally filed this action in a Colorado State trial court against two employees of the Internal Revenue Service. She complains that the employees filed an allegedly fraudulent tax lien against her in the Office of the Clerk of El Paso County, Colorado. The cause was removed to federal court and the defendants were replaced by the United States pursuant to 28 U.S.C. § 2679(d) (1991 Supp.). The district court liberally construed plaintiff's complaint to allege fraud, defamation, and alienation of affection. After concluding that plaintiff's claims must arise from the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80 (1988), the district court found that the FTCA expressly omits from the government's waiver of sovereign immunity claims arising from the collection of taxes. 28 U.S.C. § 2680(c) (1988).
 
 
 5
 Plaintiff complains that she alleged fraud pursuant to Colorado statutory law, rather than under the FTCA. She claims error in the district court's substitution of federal law for her state law claims. After reviewing the record and arguments of the parties, we affirm the judgment for substantially the reasons set forth by the trial court. The suit is subject to dismissal based on federal sovereign immunity regardless of whether plaintiff's complaint alleges violation of state statutory law when the federal officials' acts involve tax collection within the scope of their employment. See Aviles v. Lutz, 887 F.2d 1046 (10th Cir.1989) (district court lacks subject matter jurisdiction when plaintiff alleges tort claim which Congress has expressly omitted from its waiver of sovereign immunity).
 
 
 6
 The government moves this court to sanction plaintiff, pursuant to 28 U.S.C. § 1912 (1988) and Fed.R.App.P. 38, for plaintiff's pursuit of a frivolous appeal. We follow the exemplar of the district court's restraint when requested to impose Rule 11 sanctions against plaintiff, however, and decline to do so.
 
 
 7
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3