**Gabriele JACKSON, Plaintiff,**

v.

**Gary NEUGER, Defendant.**

Civ. A. No. 92–B–47.

United States District Court,
D. Colorado.

Feb. 14, 1992.

Frank Plaut, Plaut/Lipstein/Cohen/PC, Lakewood, Colo., for plaintiff.

Chalk S. Mitchell, Asst. U.S. Atty., Denver, Colo., Roger D. Einerson, Asst. Director, Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant moves to substitute the United States as defendant pursuant to 28 U.S.C. § 2679(d)(1). Plaintiff moves to remand this action to state court. The issues are adequately briefed and oral argument will not materially assist their resolution. The attorney general's designee certified here that Neuger was acting within the scope of his employment at the time of plaintiff's allegations. Because this certification is conclusive for purposes of substitution and removal, defendant's motion is granted and plaintiff's motion is denied. However, under ordinary principles of estoppel, the United States cannot now defend this action on grounds contrary to the attorney general's certification.

Neuger is a psychologist employed by the U.S. Army. Plaintiff alleges that while treating her as his patient, Neuger took advantage of this relationship by having sexual intercourse with her. Additionally, plaintiff alleges that Neuger engaged in other unspecified conduct in the course of her treatment which caused harm to her. Plaintiff brings claims for negligence, breach of fiduciary duty, outrageous conduct, and punitive damages.

The United States attempted previously to remove this action under 28 U.S.C. § 2679(d)(2). However, I remanded to Colorado state court after that first attempt because the attorney general's certification concerning scope of employment did not encompass the conduct alleged in plaintiff's complaint. On January 7, 1992, the attorney general's designee, Jeffery Axelrad, certified that, with respect to the conduct alleged in this complaint, "defendant Gary Neuger was acting within the scope of his employment as an employee of the United States at the time of such allegations." Thereafter, the United States again removed this case and now moves that it be substituted for Neuger as defendant. Plaintiff does not object to the substitution provided the certification as to Neuger's actions within the scope of his employment is binding on the United States for all purposes in this lawsuit.

■ Under § 2679(d), upon the attorney general's certification that a defendant was acting in the scope of his employment with the United States at the time of the conduct alleged in a complaint, the action shall be removed to district court and shall proceed exclusively against the United States under the provisions and limitations of the Federal Tort Claim Act (FTCA), 28 U.S.C. 2671, et seq. This certification is conclusive for purposes of removal and substitution. Salmon v. Schwarz, 948 F.2d 1131, 1143 (10th Cir.1991); Aviles v. Lutz, 887 F.2d 1046, 1049 (10th Cir.1990); Fair v. Swanson, 753 F.Supp. 875, 877 (D.Colo. 1991), aff'd without opinion, 947 F.2d 953 (10th Cir.1991). In these circumstances, a district court has no discretion to deny substitution of the United States as defendant. Aviles, 887 F.2d at 1049. Moreover, in the Tenth Circuit, the mandatory language of sub-section (d) does not permit a challenge to the attorney general's certification. Id. But see, Brown v. Armstrong, 949 F.2d 1007, 1010–11 (8th Cir.1991); Meridian International Logistics, Inc. v. United States, 939 F.2d 740, 744 (9th Cir.1991); Hamrick v. Franklin, 931 F.2d 1209, 1211 (7th Cir.1991), cert. denied, —— U.S. ——, 112 S.Ct. 200, 116 L.Ed.2d 159 (1991); S.J. & W. Ranch, Inc. v. Lehtinen, 913 F.2d 1538, 1541 (11th Cir.1990), cert. denied, —— U.S. ——, 112 S.Ct. 62, 116 L.Ed.2d 37 (1991); Melo v. Hafer, 912 F.2d 628, 641–42 (3rd Cir.1990), aff'd on other grounds, —— U.S. ——, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); Nasuti v. Scannell, 906 F.2d 802,

811–12 (1st Cir.1990); and, *Arbour v. Jenkins*, 903 F.2d 416, 421 (6th Cir.1990).

■ However, because the certification is conclusive for purposes of substitution, it must also be conclusive for all purposes in this lawsuit. It would be highly incongrous if the United States could cause this substitution upon its scope certification and then defend on the theory that Neuger was not acting within the scope of his employment. The United States cannot substitute itself as the defendant and then assert that the original defendant is the liable party. Such a result would substantially prejudice a plaintiff's right to seek redress and would encourage governmental abuse of the certification process. Ordinary principles of estoppel dictate that, where as here, the certification causes substantive effects in the action, the United States cannot contest the scope question at trial.

Accordingly, IT IS ORDERED THAT:

(1) The United States' motion to substitute it for Neuger as defendant is GRANTED; and,

(2) Plaintiff's motion to remand is DENIED.