992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Emmanuel I. OHUABUNWA, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF THE NAVY and United States of
America, Defendants-Appellees.
 No. 93-1002.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-Appellant Emmanuel I. Ohuabunwa appeals from a district court order dismissing his pro se complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 2
 Plaintiff filed a pro se complaint alleging that Defendant-Appellee United States Department of the Navy negligently treated a back injury he sustained while on active duty in the Navy. The district court construed Plaintiff's claim as arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. See Aviles v. Lutz, 887 F.2d 1046, 1048 (10th Cir.1989) (construing pro se complaint against federal agency as arising under FTCA). The district court dismissed the complaint, on the Navy's motion, reasoning that the claim was barred under the Feres doctrine.[1] See Feres v. United States, 340 U.S. 135, 146 (1950) (FTCA does not permit recovery for injuries incident to military service).
 
 
 3
 Clearly, Plaintiff's complaint, which alleges negligence in treating his back injury, arises under the FTCA.[2] See 28 U.S.C. § 2879(b)(1) (FTCA is exclusive remedy for personal injury arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment). Even more clearly, Plaintiff's injury, which he sustained while on active military duty, was incident to his military service and is therefore barred by the Feres doctrine. Therefore, Plaintiff's complaint was properly dismissed.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Navy moved to dismiss the claim on the grounds that it was barred by the Feres doctrine and that Plaintiff had failed to exhaust his administrative remedies as required by 28 U.S.C. § 2675(a). In regard to the exhaustion of administrative remedies issue, the Navy submitted an affidavit indicating that it had no record of Plaintiff filing an administrative claim. Plaintiff responded by indicating that he had filed an application for benefits with the Veterans Administration. Because the Navy submitted matters outside the pleadings, the district court indicated that it would treat the motion to dismiss as a motion for summary judgment. See Fed.R.Civ.P. 12(c). However, in dismissing Plaintiff's claim as barred by the Feres doctrine, the district court did not consider matters outside the pleadings. Accordingly, we treat the issue before us as if it were dismissed on the pleadings
 
 
 [2]
 In a letter attached to Plaintiff's complaint, which he apparently intended to serve as the factual basis for his complaint, Plaintiff indicated that his company commander's initial denial of medical treatment was racially motivated. While we liberally construe pro se pleadings, we cannot read Plaintiff's complaint as stating a cause of action based on racial discrimination because the express terms of his complaint limit his cause of action to negligence