Irene **NEVAREZ**,

v.

**UNITED STATES of America.**

**No. EP–95–CA–377–DB.**

United States District Court,
W.D. Texas,
El Paso Division.

Nov. 6, 1995.

Antonio V. Silva, El Paso, for plaintiff.

Kurt Bohn, Assistant United States Attorney, for defendant.

## MEMORANDUM OPINION AND ORDER

BRIONES, District Judge.

On this day, the Court considered Plaintiff's Motion to Review the Course and Scope of Employment Determination, in the above-captioned cause. The Court has conducted two evidentiary hearings in this matter. At both hearings, the Court informed counsel for the Defendant that it considered the burden of proof on the assertion of course and scope determination to be on the government. Parties were informed that they could and should produce evidence to support their respective positions. The Court is of the opinion that this issue and the Motion behind it should be resolved as set forth below.

### I.

The issue presently before the Court, a review of the Attorney General's course and scope certification, is a "new" area of law. *Gutierrez de Martinez v. Lamagno,* —— U.S. ——, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995); *Garcia v. United States,* 62 F.3d 126 (5th Cir.1995). In the case-at-bar, as in *Gutierrez de Martinez,* a finding that the individual defendants are in the course and scope of their employment will mean the cause of action is precluded by the Westfall Act; if they are not, the cause will be remanded to the state court.

Defendant argues that the course and scope certification is *prima facie* evidence and that the Plaintiff should be required to come forward with evidence to the contrary. Several Circuits have so held. Compare *Kimbro v. Velten,* 30 F.3d 1501 (D.C.Cir.1994); *Brown v. Armstrong,* 949 F.2d 1007 (8th Cir.1991) (certification is *pri-*

ma facie evidence), with *Meridian Intern. Logistics, Inc. v. United States,* 939 F.2d 740 (9th Cir.1991); *McHugh v. University of Vermont,* 966 F.2d 67 (2nd Cir.1992) (review of certification is *de novo* ). Presumably, district courts in these circuits receive more detailed certifications. All of the decisions predate *Gutierrez de Martinez.* Also, none of these cases address the language in *Gutierrez de Martinez* regarding the bias of the certifying official. As noted in *Gutierrez de Martinez,* —— U.S. at ——, 115 S.Ct. at 2235 (other similar language is contained within the body of that opinion) the certification is nothing more than a conclusion by an executive official who can hardly be said not to have an interest in the outcome. The weight afforded to this certification has been expended in that the cause has been removed to federal court and the United States substituted as a party based on the certification. This comports with the desire of Congress in 28 U.S.C § 2679 to have such a suit in a federal forum, a presumably level playing field for the government. No further weight needs to be given the certification.

▪ The Court does not agree that the certification is sufficient *prima facie* evidence for a judicial review. The Court is reviewing the certification. It cannot do so without knowing its basis. Likewise, the Plaintiff cannot attack the certification (as she has attempted to do) without knowing its basis. The groundless conclusions on the face of the certification are insufficient to allow the Court to make a determination. On **what** the certification was based, not the conclusion itself represents the *prima facie* burden of the government.[1] Then, of course, the Plaintiff may present evidence to the contrary, by introducing evidence or by impeachment of the government's evidence. The government is best situated to prove that which it alleges—that the individuals were within the course and scope of their

employment when making the allegedly defamatory statements, as these allegations are contained in the Plaintiff's state petition; it has already done so once.[2] This Court's ruling on the burden of proof only requires that the government show the Court how it arrived at such a conclusion.

The Court does note that the case-at-bar is precisely the type postulated by *amicus* in *Gutierrez de Martinez,* that is, a case where, following a rejection of the certification, the controversy is no longer before an Article III Court. *Id.,* —— U.S. at —— – ——, 115 S.Ct. at 2236–37. The Court decided that such an outcome was preferable to allowing the course and scope certification to be unreviewable, although this portion of the opinion was only a plurality as Justice O'Connor did not join in this section (section IV).

## II.

▪ The Fifth Circuit has held that the law used to determine the definition of course and scope is the law of the state in which the allegedly wrongful conduct occurred. *Garcia, supra,* at 127. The elements in Texas are:

(1) Was the employee acting within the general authority given him by his employer?

(2) Was the employee acting in furtherance of the master's business?

(3) Was the employee acting for the accomplishment of the object for which he is employed?

▪ The Court is of the opinion that the affidavits tendered by the government, representing only a small portion of the time period and the conduct alleged by Plaintiff, are insufficient basis for a certification. At hearing, the government, having expended considerable time in determining if the witnesses would be made available pursuant to

---

1. Until the *Gutierrez de Martinez* decision, the Fifth Circuit as well as the Fourth and Tenth Circuits had held the certification to be unreviewable. *Johnson v. Carter,* 983 F.2d 1316 (4th Cir.) (en banc) cert. denied, 510 U.S. ——, 114 S.Ct. 57, 126 L.Ed.2d 27 (1993); *Aviles v. Lutz,* 887 F.2d 1046 (10th Cir.1989). Therefore, there is no precedent on the burden of proof question in these circuits.

2. It is possible that the certification could meet the *prima facie* burden and that the government need not bring anything further, but the Court will not automatically assume that is the case and put the burden on the Plaintiff.

the dictates of *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951) and determining that they could be, chose not to do so and thereby supplement the affidavits and its credibility with live testimony.

It is ORDERED that the Certification of the Attorney General, having been reviewed, is hereby REJECTED.

Accordingly, it is ORDERED that Selina Lee, Rebecca Morales and Albertina Luna be substituted for the United States of America as party defendants in the above-captioned litigation.

Additionally, Defendant's Motion to Remove Plaintiff's Counsel for violations of the Disciplinary Rules of Professional Conduct is without merit and is DENIED.

Further, there is no longer a case or controversy of federal question as it has become, once again, a defamation action grounded in state law against non-diverse parties, this cause is hereby REMANDED to County Court-at-Law Number 2, El Paso County, Texas, from whence it came.

Finally, because the Court's ruling on the Motion to Review Certification involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of litigation, it is ORDERED that this Memorandum Opinion and Order be CERTIFIED for interlocutory appeal under 28 U.S.C. § 1292(b). Remand shall be stayed pending appeal.