**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-50855

_____


IRENE NEVAREZ,

                              Plaintiff-Appellee,

             VERSUS

    UNITED STATES OF AMERICA, et al.,

                              Defendants-Appellants.


_____

Appeal from the United States District Court
for the Western District of Texas
(95-CV-377)

_____


August 15, 1996

Before KING, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


This is an appeal from a substitution order under 28 U.S.C. § 2679(d)(2) (1994) (the "Westfall Act"). Recent decisions by this court obviate the need to discuss the primary legal issue that is raised. We reverse the substitution order and remand for further proceedings.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Irene Nevarez filed a defamation action in state court against three fellow employees of the United States Army. The Attorney General, pursuant to 28 C.F.R. § 15.3 (1995), certified that the employees were acting within the course and scope of their employment with respect to Nevarez's allegations. The action was removed to federal court pursuant to the Westfall Act. The district court substituted the United States as defendant and dismissed the individual defendants.

Nevarez challenged the certification. A hearing was held wherein the court placed on the United States the burden of proving that certification was proper. Following the government's offer of proof, the court granted Nevarez's motion for judgment as a matter of law.

Consequently, the court rejected certification, ordered the substitution of the individual defendants as party defendants, and remanded to state court. Importantly, the court stayed its remand order pending this appeal.

II.

All parties agree that under *Williams v. United States*, 71 F.3d 502, 504 (5th Cir. 1995), decided during the pendency of this appeal, the court should have placed the burden of proof on the plaintiff. We therefore reverse the substitution order and

2

remand for further proceedings on the propriety of certification.

As a result of our disposition of the substitution order, we find it unnecessary to address the remand order, and we merely assume, *arguendo*, that we have no jurisdiction to review it. We fully recognize that the district court acted without the benefit of *Williams*. At oral argument, both parties agreed that because of the stay, the district court may revisit the remand, in light of this reversal and *Garcia v. United States*, 88 F.3d 318, 324 (5th Cir. 1996) (holding that remand is not permitted even if certification was not proper).

REVERSED and REMANDED for further proceedings.