**Tommie WHAYNE, Plaintiff,**

v.

**CITY OF TOPEKA; Food 4 Less; Human Relations Commission; Shawnee County District Court; Dillons Stores; and United States Post Office, Defendants.**

**Civil Action No. 96–4068–DES.**

United States District Court,
D. Kansas.

March 10, 1997.

Tommie Dorsey Whayne, Topeka, KS, pro se.

David D. Plinsky, Office of City Attorney, Topeka, KS, for City of Topeka.

Jay C. Hinkel, Irwin, Clutter, Severson & Hinkel, LLP, Topeka, KS, for Food 4 Less.

Christopher F. Burger, Office of Attorney General, Topeka, KS, Richard V. Eckert, Office of County Counselor, Topeka, KS, for Shawnee County District Court, Division 3.

Gerald L. Green, Matthew L. Bretz, Gilliland & Hayes, P.A., Hutchinson, KS, for Dillons Stores.

Melanie D. Caro, Office of U.S. Attorney, Kansas City, KS, for U.S. Postal Service.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant United States Post Office's Motion to Dismiss (Doc. 23) the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. For the reasons set forth below, defendant's motion is granted.

## I. BACKGROUND

The following facts are uncontroverted or, where controverted, construed in a manner most favorable to the plaintiff as the non-moving party.

On April 15, 1996, Mr. Whayne purchased a $33.95 money order at a Dillons grocery store to send to the American Science and Surplus Co. for the purchase of two items. Mr. Whayne then mailed the money order from the same store. Subsequently, Mr. Whayne received a letter from the American Science and Surplus Co. advising him there was no method of payment included with his purchase order.

## II. 12(b)(1) MOTION TO DISMISS STANDARDS

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir.1994). "A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F.Supp. 279, 280 (D.Kan.1995) (citing

*Basso v. Utah Power and Light Co.,* 495 F.2d 906, 909 (10th Cir.1974)); Fed.R.Civ.P. 12(h)(3). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. *Id.* When federal jurisdiction is challenged, the plaintiff bears the burden of showing why the case should not be dismissed. *Jensen v. Johnson County Youth Baseball,* 838 F.Supp. 1437, 1439–40 (D.Kan. 1993). Challenges to the court's jurisdiction under Fed.R.Civ.P. 12(b)(1) generally take two forms: facial attacks on the sufficiency of jurisdictional allegations or factual attacks on the accuracy of those allegations. *Holt v. U.S.,* 46 F.3d 1000, 1002–03 (10th Cir.1995). The defendant here limits its motion to a facial challenge to the sufficiency of plaintiff's complaint. In reviewing a facial challenge to the complaint, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id.*

## III. DISCUSSION

▮ Mr. Whayne, a pro se litigant, seeks damages incurred from alleged mail tampering or mail fraud by the United States Postal Service. Specifically, Mr. Whayne alleges that the United States Post Office ("Post Office") has opened, checked, and resealed his mail. He also alleges the Post Office lost or misplaced his mail. In response, the United States moves for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

Mr. Whayne states no basis for federal jurisdiction in his complaint. However, because Mr. Whayne is proceeding pro se, the court will evaluate his claim to determine whether the court in fact has subject matter jurisdiction over his claim.

▮ The United States may only be sued if it consents. *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). "Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute." *Fostvedt v. United States,* 978 F.2d 1201, 1202 (10th Cir.1992), *cert. denied,* 507 U.S. 988, 113 S.Ct. 1589, 123 L.Ed.2d 155 (1993). In this case, Mr. Whayne brings his claim pursuant to the Federal Tort Claims Act ("FTCA"), which provides jurisdiction in federal court over civil actions on claims against the United States. *See, e.g.,* 28 U.S.C. §§ 1346(b), 2674 (1982). The FTCA waives, under certain conditions, "the United States" sovereign immunity in actions arising out of tortious conduct by governmental employees who are acting within the scope of their office or employment...." *Sargent v. United States,* 897 F.Supp. 524, 525 (D.Kan. 1995). However, this broad waiver of sovereign immunity is limited by several exceptions, including 28 U.S.C. § 2680(b), which states:

> The provisions of this chapter and section 1346(b) of this title shall not apply to—
>
> (b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.

Thus, claims against the United States arising out of "the loss, miscarriage, or negligent transmission of letters or postal matter" are not actionable. *See, e.g., Anderson v. United States Postal Service,* 761 F.2d 527 (9th Cir. 1985); *Kissell v. Mann,* 750 F.Supp. 55 (D.N.H.1990). This court is therefore without subject matter jurisdiction to hear Mr. Whayne's claim.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant United States Post Office's Motion to Dismiss (Doc. 23) is granted.

**IT IS FURTHER ORDERED** that all of plaintiff's outstanding motions in this matter regarding defendant United States Post Office are denied as moot.