Thomas M. HAMRICK, Randall D. Grosz, Ian L. Fischer, Brant G. Filip and Douglas L. Carter, Plaintiffs–Appellants,

v.

Allen R. FRANKLIN, Nathan L. Geraths and Rafael Martinez, Defendants–Appellees,

and

United States of America, Substituted Defendant–Appellee.

No. 89–1732.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 14, 1990.

Decided May 8, 1991.

Bruce M. Davey, Bruce F. Ehlke, Lawton & Cates, Madison, Wis., for plaintiffs-appellants.

Barrett J. Corneille, Bell, Metzner, Gierhart & Moore, Madison, Wis., Barbara L. Herwig, Richard A. Olderman, Dept. of Justice, Civ. Div., Appellate Section, Washington, D.C., Debra L. Schneider, Asst. U.S. Atty., Madison, Wis., for defendants-appellees.

Before BAUER, Chief Judge, WOOD, Jr., and KANNE, Circuit Judges.

KANNE, Circuit Judge.

We have delayed deciding this appeal pending the outcome of a similar case heard by the United States Supreme Court. *United States v. Smith,* ⸺ U.S. ⸺, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991). After that decision, the ultimate disposition of this case should be made easier.

The plaintiffs and individual defendants in this action were employees of the William S. Middleton Memorial Veterans Hospital in Madison, Wisconsin. The plaintiffs filed a complaint against the defendants in the Circuit Court of Dane County, Wisconsin, alleging libel and interference with employment contract rights. The plaintiffs requested a cease and desist order, compensatory and punitive damages.

The defendants removed the case to federal district court. The government then moved to substitute itself as the sole defendant, and to dismiss the action. The government's motion to substitute was based on 28 U.S.C. § 2679. The government argued that the plaintiffs alleged a common law tort, and the Federal Tort Claims Act ("FTCA"), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("FELRTCA"), provides that a suit against the United States is the exclusive remedy for persons with common law tort claims arising from the actions of federal employees taken within the scope of their employment. The Attorney General's designee had made the required certification pursuant to 28 U.S.C. § 2679(d) that the actions of the defendants were within the scope of their employment. The government wanted the district court to follow the steps contained in § 2679. The motion to dismiss was premised on the plaintiffs' failure to comply with the jurisdictional prerequisite of filing an administrative tort claim against the Veterans Administration. This failure to file, the government argued, deprived the district court of subject matter jurisdiction.

The plaintiffs claimed that the defendants' actions were outside the scope of employment. They also argued that because the exceptions listed in 28 U.S.C. § 2680 are not covered under the FTCA, they may maintain a separate action against the individual defendants for one or more of those torts.

As urged by the government, the district court accepted the scope certification and ordered the United States substituted as the sole defendant pursuant to § 2679(d). The district court then dismissed the case without prejudice for lack of subject matter jurisdiction. The plaintiffs appeal, alleging that the 1988 amendment to the FTCA did not make the FTCA the exclusive remedy for intentional torts explicitly excepted from its coverage.

Before application of the provisions of the FTCA, we must determine whether the scope certification is subject to judicial review. One of the underlying requirements of the FTCA is that the employee be acting within the scope of employment, which is initially determined by the certification.

■ The government has pulled back from its original position espoused in the district court (and initially before us) that the scope certification is not subject to judicial review. It has dropped that earlier position in a number of other cases as well. *See, e.g., S.J. & W. Ranch, Inc. v. Lehtinen,* 913 F.2d 1538 (11th Cir.1990), *amended,* 924 F.2d 1555 (11th Cir.1991); *Melo v. Hafer,* 912 F.2d 628 (3d Cir.1990), *cert. granted,* ⸺ U.S. ⸺, 111 S.Ct. 1070, 112 L.Ed.2d 1176 (1991). While there appears to be a split in the circuits on this issue, we (and apparently the government) think the better answer lies with the circuits concluding that the scope determination is subject to judicial review. *See S.J. & W. Ranch,* 913 F.2d 1538; *Melo,* 912 F.2d 628; *Nasuti v. Scannell,* 906 F.2d 802 (1st Cir.1990);

*Arbour v. Jenkins,* 903 F.2d 416 (6th Cir. 1990); *see also Cooper v. Kribble,* 1991 WL 2526, 1991 U.S.Dist.Lᴇxɪs 88 (N.D.Ill.1991); *Petrousky v. United States,* 728 F.Supp. 890 (N.D.N.Y.1990). *But see Mitchell v. Carlson,* 896 F.2d 128 (5th Cir.1990); *Aviles v. Lutz,* 887 F.2d 1046 (10th Cir. 1989).

We look first to the statutory language contained in the FTCA, as amended by the FELRTCA. 28 U.S.C. § 2679(d)(2) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

Congress gave the certification conclusiveness with respect to one aspect of the proceedings. But we do not infer from this language that Congress meant to insulate the certification from all judicial review. The statute is not explicit with regard to this, and when read with regard to the certification provisions as a whole, the answer to the question of the propriety of judicial review is ambiguous. Therefore, we might do well to review some of the legislative history surrounding adoption of the FELRTCA.

As other courts have noted, the statements of Representative Frank, the sponsor of the FELRTCA, are helpful. He noted the plaintiff would have the right to contest the certification if the plaintiff thought the Attorney General was certifying without justification. *See Arbour,* 903 F.2d at 421 (citing *Legislation to Amend the Federal Tort Claims Act: Hearing Before the Subcommittee on Administrative Law and Governmental Relations of the Committee on the Judiciary,* 100th Cong., 2d Sess. 128 (Apr. 14, 1988) [hereinafter *Legislation* ] (statements of Representative Frank)).

■ The understanding of the legislative sponsor was confirmed by testimony of an official from the Department of Justice. *Legislation, supra,* at 128. The Deputy Assistant Attorney General appearing at the hearing even went on to state that at some point the certification would be reviewable by a court, "probably a Federal District Court." *Id.* at 133, *quoted in S.J. & W. Ranch,* 913 F.2d at 1541. Other courts have noted the potential separation of powers, *S.J. & W. Ranch,* 913 F.2d at 1541; *Nasuti,* 906 F.2d at 813, and due process, *Petrousky,* 728 F.Supp. at 892–95, concerns that would arise absent any type of judicial review of the scope certification. We agree with the government and the plaintiffs here that based on the statutory language and the legislative history, the scope certification is conclusive only with respect to removal, and the district court has the power to review the certification. Further, when a review of the scope certification is requested, as it was here, the district court should give *de novo* review to determine whether the certification was proper. In this review, the plaintiffs have the burden of showing that the defendants' conduct was not within the scope of employment. *See, e.g., S.J. & W. Ranch,* 913 F.2d at 1543.

■ Without prior guidance on this issue, the district court merely accepted the Attorney General's certification and did not provide judicial review. Now, based on our analysis today, we must remand for a determination as to whether the defendants were acting within the scope of employment. If the district court finds the defendants' actions were within the scope of employment, then the plaintiffs' action is governed by the Supreme Court's recent decision in *United States v. Smith,* —— U.S. ——, 111 S.Ct. 1180, 113 L.Ed.2d 134

(1991). In that case, although one of the exceptions in 28 U.S.C. § 2680 barred recovery under the FTCA for the injury incurred, the plaintiff still could not proceed to seek damages against the particular governmental employee who caused the injury. The Court held that the FELRTCA bars this alternative method of recovery. *Id.* at ——, 111 S.Ct. at 1182–84.

The plaintiffs claim libel and interference with contract rights. Unfortunately, the FTCA contains an exception for these and other similar types of claims in 28 U.S.C. § 2680(h). The government thus has a defense which prevents recovery under the FTCA. In addition, because the FELRTCA provides that the remedy under the FTCA is exclusive for employment-related torts, if the district court finds the defendants were acting within the scope of their employment, the plaintiffs will also be barred from bringing an action against the individual defendants.

For the foregoing reasons, the decision of the district court dismissing the action is VACATED and the case is REMANDED for further proceedings consistent herewith.