**Marilyn A. KIMBRO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 90–0873 (JHG).**

United States District Court, District of Columbia.

July 9, 1991.

Arnold B. Schweizer, Upper Marlboro, Md., for plaintiff.

Michael T. Ambrosino, Asst. U.S. Atty., Washington, D.C., for defendant.

## ORDER

JOYCE HENS GREEN, District Judge.

The above-captioned complaint alleges that on December 20, 1988, "without provocation and without the consent of the plaintiff," Dolores Velten, a co-worker, viciously struck plaintiff on the left arm. As a result, plaintiff claims, she suffered "bruising, medical expenses, pain and suffering, lost wages, mental anguish and loss of future income," as well as lost her employment with the federal Department of Veteran's Affairs because of the leave she took on account of her injuries.[1] This claim for assault and battery originated in the Superior Court of the District of Columbia as a small-claims case brought by plaintiff against Velten. Pursuant to statute, explained *infra*, the United States was substituted as the defendant and the case was removed to this Court.

Pending before the Court are plaintiff's motion to remand to state court, and defendant's motion to dismiss or for summary judgment.[2] For the reasons set forth below plaintiff's motion is granted and defendant's motion is denied.

### I

In 1988, Congress amended the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

---

1. This account is drawn from plaintiff's amended complaint, which shall be filed as of the date of this Order, as the defendant did not oppose her motion for leave to file the amended complaint.

2. The defendant's motion was filed as a motion to dismiss but, because it included matters outside the pleadings, the Court is treating it in the alternative as a motion for summary judgment. Pursuant to Fed.R.Civ.P. 12(b), the Court notified the parties that it would be doing so, *see* Order, Feb. 25, 1991, and both parties responded that no further materials would be submitted.

("FTCA"), to provide for substitution of the United States as the exclusive defendant whenever federal employees are sued for common law tort claims arising out of actions taken within the scope of their federal employment. *See* 28 U.S.C.A. § 2679(b)(1) (1988). Under this recent statute, the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("FELRTCA"), Congress made the FTCA's remedies "exclusive of any other civil action or proceeding for money damages." *Id.* FELRTCA provides that the Attorney General or his designee may certify that a defendant employee was acting within the scope of her employment at the time of the subject incident, at which point the United States is substituted as the defendant and the action proceeds in United States district court. *Id.* § 2679(d)(1). The Attorney General's certification "shall conclusively establish scope of office of employment for purposes of removal." *Id.* § 2679(d)(2). Thereafter, the suit proceeds as if the United States had been sued under the FTCA in the first instance. *Id.* § 2679(d)(4). Because the FTCA—the sole basis for a tort suit against a federal employee acting within the scope of her employment—does not waive tort immunity to claims "arising out of assault [and] battery," *id.* § 2680(h), FELRTCA thus mandates that government employees have absolute immunity for acts committed within the scope of their employment that amount to common law intentional torts. *See United States v. Smith,* — U.S. —, 111 S.Ct. 1180, 1184–85, 113 L.Ed.2d 134 (1991).

In the instant case, the United States Attorney for the District of Columbia certified[3] that Dolores Velten was acting within the scope of her employment as an employee of the United States at the time of the incident alleged in plaintiff's Statement of Claim filed in Superior Court, *see* Notice of Removal, attachment, and the action was thereupon removed to this Court. The United States, now the defendant, moved to dismiss the complaint, arguing that plaintiff has no claim under FTCA and that, in any event, this Court lacks jurisdic-

tion because she has not exhausted her remedies under that statute. Plaintiff opposed the motion, arguing that Velten's actions did not occur within the scope of her employment. In an affidavit accompanying her opposition, she detailed the alleged incident. In its reply, defendant filed sworn declarations by Velten and by plaintiff's supervisor, William Sandoval, purportedly establishing that Velten was acting in the scope of her employment.

## II

Under the analysis adopted by one circuit court of appeals, this case should now be dismissed in its entirety for lack of subject matter jurisdiction under the FTCA. In an analogous situation, the Fifth Circuit ruled that a district court had wrongly resubstituted the original defendant for the United States in a case alleging assault and battery:

> An action against a federal employee who has been certified as acting in the scope of her employment must proceed *exclusively* against the United States under the FTCA.... Since there is no remedy for assault and battery in the FTCA, Congress intended to leave a plaintiff [ ] without a remedy for injuries sustained as a result of a federal employee's alleged assault and battery while in course of employment.

*Mitchell v. Carlson,* 896 F.2d 128, 134 (5th Cir.1990) (emphasis original). This result, admitted by that Court to be "harsh," *id.* at 136, must be rejected. That court focused on the language of § 5 of FELRTCA, which makes the remedy provided by FTCA "exclusive of any other civil action ... against the employee." 28 U.S.C. § 2679(b)(1). *See* 896 F.2d at 136. However, this approach ignores the immediately preceding language, which attaches that limitation to "any employee of the Government *while acting within the scope of his office or employment.*" 28 U.S.C. § 2679(b)(1) (emphasis added). In other words, the Fifth Circuit's reading of the

---

**3.** The Attorney General has delegated his certification authority under FELRTCA to the United States Attorneys. *See* 28 U.S.C. § 510; 28 C.F.R. § 15.3.

statute would result in the Attorney General's scope certification being not only conclusive for purposes of removal, but also unchallengeable and unreviewable as a matter of law.

 The reading endorsed by the First, Sixth, and Seventh Circuits is more persuasive and appears to be the majority view.[4] *See Hamrick v. Franklin*, 931 F.2d 1209, 1210–11 (7th Cir.1991) (citing cases). While the statute is ambiguous, the legislative history does indicate that Congress intended plaintiffs to have the right to contest certifications by the Attorney General. *Arbour v. Jenkins*, 903 F.2d 416, 421 & nn. 1–2 (6th Cir.1990). "[I]f contested issues arise over whether or not the employee was acting within the scope of his employment, the district court possesses power under Article III of the Constitution to resolve the dispute; the issue, after all, goes to the court's own subject-matter jurisdiction." *Nasuti v. Scannell*, 906 F.2d 802, 810 (1st Cir.1990).[5] Accordingly, while the Court accepts, as it must, the United States Attorney's certification for the purposes of removal, it does not find that certification conclusive as to whether Velten was acting in the scope of her employment for purposes of determining whether plaintiff's claim is barred by the FTCA.

To determine this court's jurisdiction, as well as the availability of further recourse by the plaintiff, the Court must therefore determine whether, on the facts before it, Velten was acting within the scope of her duties as an employee at the Department of Veteran's Affairs. According to plaintiff, the incident occurred when her supervisor requested that she make a copy of Velten's time card. "When I approached the copying machine, I was confronted by Ms. Velten, who blocked my way and then struck me on the right arm with her fist. This assault and battery was unprovoked and unconsented to by myself." Affidavit

of Marilyn Kimbro ¶ 3. Velten's account of the matter is different:

> I was going from my immediate work area to our 'front office' for a work-related task, when I encountered [plaintiff]. Although I do not remember precisely what my purpose was in then going to my 'front office,' I believe I may have been going to check the mail or receive work from one of the support staff. My encounter with Ms. Kimbro was not planned. We approached each other from around a blind corner. I did not see or hear her before we met at the corner. I was startled by the meeting and I believe she was as well.... I do not recall that we ever actually touched each other.

Affidavit of Dolores Velten ¶ 3. Furthermore, the supervisor's affidavit states that "[e]mployees are considered as performing official duties while they are in the work area, and while they are performing associated tasks," including moving about the work area, and that both plaintiff and Velten were going to perform their respective duties at the time that the incident occurred. Affidavit of William Sandoval ¶¶ 3, 4.

 The issue of whether an employee is acting within the scope of her employment for purposes of the FTCA is governed by the applicable local law of *respondeat superior*, *see* 28 U.S.C. § 1346(b), so District of Columbia law controls here. According to the District of Columbia Court of Appeals, "[w]hatever is done by the employee in virtue of his employment and in furtherance of its ends is deemed by the law to be an act done within the scope of his employment." *District of Columbia v. Coron*, 515 A.2d 435, 437 (D.C.App.1986). Quoting the Restatement of Agency (Second) § 228(2), the Court further noted that "[c]onduct of a servant is not within the scope of employment if it is different in

---

**4.** The District of Columbia Circuit has not yet ruled on this question.

**5.** As the First Circuit remarked, "it is hard to imagine Congress empowering an executive officer, the Attorney General of the United States, to displace the federal court as the final deter-

miner of the scope of employment question, thus forcing a federal court to forego determination of its own jurisdiction, and preventing the plaintiff, by executive fiat, from pursuing a possibly legitimate complaint in state court." 906 F.2d at 812.

kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." *Id.* Further, where the nature of the incident involves an intentional tort, the Court held that it was "irrelevant" whether the defendant was "on duty" at the time of the incident. *Id.* at 438.

"As a general rule, whether an employee is acting 'within the scope of his employment' is a question of fact for the jury. It becomes a question of law for the court, however, if there is not sufficient evidence from which a reasonable juror could conclude that the action was within the scope of the employment." *Boykin v. District of Columbia,* 484 A.2d 560, 562 (D.C.App. 1984); *Sigal Construction Corp. v. Stanbury,* 586 A.2d 1204, 1217 (D.C.App.1991); *cf. Hoston v. Silbert,* 681 F.2d 876, 879 (D.C.Cir.1982) (scope of employment is "ultimately a legal question").

■ The difficulty in the instant case is that, unlike *Coron* and other scope of employment cases, there is a dispute of material fact: whether an assault and battery (a harmful touching or apprehension thereof) occurred at all. Notwithstanding the conflicting versions of the incident, however, it is determined as a matter of law that, under these circumstances and based on the allegations and the full pleadings, this case should be remanded to the local court.

The Court has no difficulty concluding that if plaintiff's version is correct to the extent that any physical contact occurred, there would be insufficient evidence to support a jury finding that Velten was acting within the scope of her employment. While her duties may have included going from one part of the office to another, touching a co-worker is not in furtherance of the Department of Veterans Affairs' interests. *See Coron,* 515 A.2d at 438.[6] This conclusion is bolstered by an examination of District of Columbia cases finding tortious conduct to be within the scope of

employment. As example, in *Hoston,* the plaintiff alleged that his decedent had been beaten to death by a U.S. Marshal while in the marshal's custody. The Court of Appeals ruled that the allegation sufficiently connected the alleged tort with a purpose to serve the employer for a court to impose liability under *respondeat superior.* "A United States Marshal's duties—escorting and supervising frequently hostile and potentially dangerous prisoners—create a strong likelihood of violent confrontation in the course of which an officer could lose his temper and use tortiously excessive force." 681 F.2d at 880. No such circumstances exist in the instant case. Nor was the alleged incident "triggered by a dispute over the conduct of the employer's business," "foreseeable as being within the range of responsibilities entrusted to the employee," or "the outgrowth of a job-related controversy" as in *Johnson v. Weinberg,* 434 A.2d 404, 408–09 (D.C.App.1981), where the Court found that it was for the jury to determine whether a laundromat employee acted in the scope of his employment when he shot a patron after a dispute.[7] *See also Lyon v. Carey,* 533 F.2d 649 (D.C.Cir.1976) (scope question for jury where deliveryman assaulted a customer over a dispute concerning the form of payment; he was arguably furthering his employer's interest).

Because the incident could not have been "a direct outgrowth of [the employee's] instructions or job assignment," nor "an integral part of the [employer's] activities, interests or objectives," *Boykin,* 484 A.2d at 562, if an intentional act occurred at all, the Court concludes that Velten could not have been acting within the scope of her employment. If, as Velten asserts, the incident did not take place, the question of scope of employment does not arise because no tort could be said to have oc-

---

**6.** To conclude that being "on duty" requires imposing liability on an employer, the Court ruled, would be to impose liability "regardless of the nature of an [employee's] conduct. This we are unprepared to do." 515 A.2d at 438.

**7.** The District of Columbia Court of Appeals has since remarked that *Johnson* "approaches the outer limits of the liability that may be imposed under *respondeat superior.*" *Boykin,* 484 A.2d at 563.

curred at all.[8] Accordingly, the Court finds that the FTCA is not implicated here and will remand to the local court. *See Hamrick,* 931 F.2d at 1211–12; *Nasuti,* 906 F.2d at 814.

### III

For the reasons expressed above, it is, therefore, hereby

ORDERED that plaintiff's motion is granted. It is

FURTHER ORDERED defendant's motion is denied. It is

FURTHER ORDERED that the United States is dismissed as the defendant in this matter, and Dolores Velten is substituted as the sole defendant. It is

FURTHER ORDERED that this case is remanded, pursuant to 28 U.S.C. § 1447(c), to the Superior Court for the District of Columbia.[9]

---

**8.** The Court notes that plaintiff, even after amending her complaint, does not allege negligence, and her pleadings do not support an inference of negligence. *Cf. Hoston,* 681 F.2d at 878.

**9.** *See* 28 U.S.C. § 1451(2) ("The term 'State' includes the District of Columbia").