United States Court of Appeals,

Fifth Circuit.

No. 92-8490.

Robert GARCIA, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

June 10, 1994.

Appeal from the United States District Court for the Western District of Texas.

Before WISDOM, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM.

An injured motorist appeals from the district court's dismissal of his tort claim for failing to exhaust administrative remedies. The motorist was injured by an intoxicated federal employee. The United States Attorney certified, under the Westfall Act,[1] that the employee acted within the scope of his employment at the time he injured the plaintiff. We conclude that we are bound by an unpublished decision of this Court[2] to hold that the federal courts may not review a certification issued under the Westfall Act that a federal employee was acting within his scope of employment at the time he injured the plaintiff. Accordingly, we AFFIRM.

I.

An employee of the Environmental Protection Agency (EPA) who

---

[1]The Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub.L. No. 100-694, is commonly referred to as the "Westfall Act".

[2]*Fenelon v. Duplessis,* 997 F.2d 880 (5th Cir.) (table), *reh'g en banc denied,* 3 F.3d 441 (5th Cir.1993).

lived in Dallas was sent to Austin to investigate a possible criminal violation of environmental laws. At 10:00 p.m. on March 7, 1991, the EPA agent concluded his investigative activities for the day. He then drove to an Austin restaurant where he consumed several alcoholic beverages—but no food. He began to feel ill and left the restaurant. He drove to a nearby pharmacy and got sick in the parking lot, then drove away without ever having entered the pharmacy. Shortly thereafter, the EPA agent's car collided with a car driven by plaintiff/appellant Robert Garcia. Garcia was injured. A "breathalyzer" test performed at the scene of the accident revealed that the EPA agent's blood-alcohol level was 0.20, or fully twice the legal limit in Texas.

Garcia sued the EPA agent in Texas state court and also filed an administrative tort claim with the EPA. The U.S. Attorney certified that, at the time of the accident, the EPA agent was acting within the scope of his federal employment. Pursuant to the Westfall Act's amendments to the Federal Tort Claims Act (FTCA), therefore, the case was removed to federal court and the United States was substituted for the federal employee as a party defendant.[3]

Once in federal court, the United States filed a motion to dismiss on the grounds that Garcia had not exhausted his administrative remedies. Garcia countered with a motion to remand the case to state court on the grounds that the federal employee had not been acting within the scope of his employment and

_____

[3]28 U.S.C. § 2679(d).

2

therefore was not entitled to the protection of the FTCA. The district court granted the United States's motion to dismiss and denied Garcia's motion to remand.[4] Garcia appealed to this Court.

## II.

In *Mitchell v. Carlson,*[5] we stated in dicta that Congress in the Westfall Act amended prior law "in order to give the new certification procedure conclusive effect on the issue of whether the employee acted within the scope of employment".[6] In our unpublished opinion in *Fenelon v. Duplessis,*[7] we interpreted that language from *Mitchell* to bar judicial review of a scope of employment certification issued under the Westfall Act. We explained:

> Fenelon next contends that the individual defendants were not acting in the scope of their employment at the time of the conduct of which she complains. That objection is defeated by the Attorney General's certification that they were. As we explained in *Carlson v. Mitchell* [*sic* ], one purpose of the 1988 amendment to the FTCA was "to give the new certification procedure conclusive effect on the issue of whether the employee acted within the scope of employment".[8]

Both parties to this case argued that *Mitchell v. Carlson* did not foreclose judicial review of the scope of employment certification in this case. They noted, for example, that scope of employment was not a disputed issue in *Mitchell,* and thus any

---

[4]*Garcia v. United States,* 799 F.Supp. 674 (W.D.Tex.1992).

[5]896 F.2d 128 (5th Cir.1990).

[6]*Id.* at 131.

[7]997 F.2d 880 (5th Cir.) (table), *reh'g en banc denied,* 3 F.3d 441 (5th Cir.1993).

[8]*Id.,* manuscript opinion at 3 (footnote omitted).

intimation in that case concerning limits on the federal courts' power vel non to review a scope certification was obiter dicta. They also pointed out that eight of the nine circuits to squarely consider this question have held that Westfall Act scope of employment certifications are subject to judicial review.[9] Nevertheless, in this Circuit all opinions, even unpublished ones, bind subsequent panels absent a contrary decision of the Supreme Court or of this Court *en banc.*[10] Accordingly, *Fenelon v. Duplessis* compels us to conclude that the district court had no authority to review the scope of employment issue, which was decisively resolved in the employee's favor by the act of certification.[11] We therefore

---

[9]*See Nasuti v. Scannell,* 906 F.2d 802, 812-13 (1st Cir.1990); *McHugh v. University of Vt.,* 966 F.2d 67, 71-72 (2d Cir.1992); *Melo v. Hafer,* 912 F.2d 628, 640-42 (3d Cir.1990), *aff'd,* 502 U.S. ----, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (not addressing reviewability issue); *Arbour v. Jenkins,* 903 F.2d 416, 421 (6th Cir.1990); *Hamrick v. Franklin,* 931 F.2d 1209, 1210-11 (7th Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 200, 116 L.Ed.2d 159 (1991); *Brown v. Armstrong,* 949 F.2d 1007, 1010-11 (8th Cir.1991) (holding judicial review not only permissible, but *required* ); *Meridian Int'l Logistics, Inc. v. United States,* 939 F.2d 740, 743-45 (9th Cir.1991); *S.J. & W. Ranch, Inc. v. Lehtinen,* 913 F.2d 1538, 1540-41 (11th Cir.1990), *modified,* 924 F.2d 1555 (11th Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 62, 116 L.Ed.2d 37 (1991). *Contra Johnson v. Carter,* 983 F.2d 1316, 1320 (4th Cir.) (en banc), *cert. denied,* --- U.S. ----, 114 S.Ct. 57, 126 L.Ed.2d 27 (1993).

[10]*See* Loc.R. 47.5.3; *Hodges v. Delta Airlines,* 4 F.3d 350, 355 (5th Cir.1993), *reh'g en banc granted,* 12 F.3d 426 (5th Cir.1994).

[11]"This Circuit has held that the Attorney General's certification is conclusive on the issue of scope of employment....  Even if seven other circuits have disagreed with this Circuit on this issue, this panel may not overrule previous panel decisions absent *en banc* reconsideration or a superseding contrary decision of the Supreme Court". *King Fisher Marine Serv. v. Perez,* No. 93-7020, 20 F.3d 466 (5th Cir. Mar. 22, 1994) (unpublished), manuscript opinion at 2.  Our result is the same

4

AFFIRM the district court's judgment dismissing Garcia's claim for failing to exhaust his administrative remedies. We recommend, however, that the Court reconsider this case and the holding of *Duplessis en banc.*

AFFIRMED.

---

even though the circuits disagreeing with us now number eight rather than seven.