PER CURIAM:
We sit en banc in this case to resolve two questions. First, we consider whether a certification by the Attorney General under the Westfall Act[1] that a federal employee was acting within the scope of his employment at the time of an allegedly tortious act is subject to judicial review. Second, we must determine whether the source for the standard to determine scope of employment is state or federal law.
I.
The plaintiffiappellant, Robert Garcia, brought this tort action because of injuries he sustained when his car was struck by a car driven by an employee of the Environmental Protection Agency (EPA). The plaintiff filed this ease in Texas state court and *127 also filed an administrative tort claim with the EPA. The U.S. Attorney certified that the EPA employee was acting within the scope of his employment. As a result, the United States, the appellee in this action, was substituted for the federal employee as a party defendant pursuant to the Westfall Act. The United States then removed the case to federal district court. The district court, after deciding that the scope of employment certification was reviewable, agreed with the Attorney General’s contention that the EPA employee was acting within the scope of his federal employment.[2] The district court used federal law in making this determination. Further, the district court dismissed the action in response to a motion by the United States that the plaintiff had failed to exhaust his administrative remedies. On appeal, this Court, bound by an earlier decision, held that the scope of employment certification was not reviewable.[3]
II.
We decided to revisit our decision that the Westfall Act removes the opportunity for judicial review of the scope of employment issue with a rehearing en banc.[4] Since then, this issue has been reviewed by the United States Supreme Court in the recent case, Gutierrez de Martinez v. Lamagno,[5] In Gutierrez, the Supreme Court held that “the Attorney General’s certification that a federal employee was acting within the scope of his employment ... does not conclusively establish as correct the substitution of the United States as a defendant in place of the employee”.[6] The Supreme Court made this decision in “accord[] with traditional understandings and basic principles: that executive determinations generally are subject to judicial review and that mechanical judgments are not the kind federal courts are set up to render”.[7]
In the light of the Supreme Court’s recent decision, we hold that certification of scope of employment under the Westfall Act is subject to judicial review. Furthermore, we hold, in accordance with Supreme Court precedent, that whether a particular federal employee was or was not acting within the scope of his employment is controlled by the law of the state in which the negligent or wrongful conduct occurred.[8]
*128 Therefore, the panel opinion having been vacated by our granting en banc rehearing, we REVERSE the district court’s decision that federal law governs the scope of employment question, AFFIRM the district court’s decision that the scope of employment question is subject to judicial review, and REMAND the case to the panel.

. 28 U.S.C. sections 2671-2680. The proper name of the act is the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub.L. 100-694, 102 Stat. 4563.

. Garcia v. United States, 799 F.Supp. 674 (W.D.Tex.1992).

. Garcia v. United States, 22 F.3d 609 (5th Cir.1994), which held that, based on Fifth Circuit precedent, the certification was not subject to judicial review but recommended an en banc rehearing on the issue.

. Other circuit courts have also struggled with this issue. Almost all the circuit courts that had addressed the issue held that certification of scope of employment under the Westfall Act was reviewable. Nasuti v. Scannell, 906 F.2d 802, 812-813 (1st Cir.1990); McHugh v. University of Vermont, 966 F.2d 67, 71-72 (2d Cir.1992); Melo v. Hafer, 912 F.2d 628, 640-42 (3d Cir.1990), affirmed, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); Arbour v. Jenkins, 903 F.2d 416, 421 (6th Cir.1990); Hamrick v. Franklin, 931 F.2d 1209, 1210-11 (7th Cir.), cert. denied, 502 U.S. 869, 112 S.Ct. 200, 116 L.Ed.2d 159 (1991); Brown v. Armstrong, 949 F.2d 1007, 1010-11 (8th Cir.1991); Meridian International Logistics, Inc. v. United States, 939 F.2d 740, 743-45 (9th Cir.1991); S.J. & W. Ranch, Inc. v. Lehtinen, 913 F.2d 1538, 1540-41 (11th Cir.1990), modified, 924 F.2d 1555 (11th Cir.), cert. denied, 502 U.S. 813, 112 S.Ct. 62, 116 L.Ed.2d 37 (1991). But see, Johnson v. Carter, 983 F.2d 1316, 1320 (4th Cir.) (en banc), cert. denied, -U.S. -, 114 S.Ct. 57, 126 L.Ed.2d 27 (1993). Thus, when the Supreme Court accepted certiorari in the Gutierrez case, a circuit split existed.

. -U.S.-, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995).

. Id. at-, 115 S.Ct. at 2236.

. Id.

. Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955). For an application of this rule, see e.g. Nelson v. United States, 838 F.2d 1280, 1282 (D.C.Cir.1988); Nasuti v. Scannell, 906 F.2d 802, 805 n. 3 (1st Cir.1990); Cronin v. Hertz Corp., 818 F.2d 1064, 1065 (2d Cir.1987); Aliota v. Graham, 984 F.2d 1350, 1358 (3d Cir.), cert. denied, - U.S. -, 114 S.Ct. 68, 126 L.Ed.2d 37 (1993); Flechsig v. United States, 991 F.2d 300, 302 (6th Cir.1993); Forrest City Mach. Works, Inc. v. United States, 953 F.2d 1086, 1088 n. 5 (8th Cir.1992); Washington v. United States, 868 F.2d 332, 334 (9th Cir.), cert. denied, 493 U.S. 992, 110 S.Ct. 539, 107 L.Ed.2d 536 (1989); Pattno v. United States, 311 F.2d 604, 607 (10th Cir.1962), cert. denied, 373 U.S. 911, 83 S.Ct. 1300, 10 L.Ed.2d 412 (1963); S.J. & W. Ranch, Inc. v. Lehtinen, 913 F.2d 1538, 1542 (11th Cir.1990), amended, 924 F.2d 1555 (11th Cir.), cert. denied, 502 U.S. 813, 112 S.Ct. 62, 116 L.Ed.2d 37 (1991).