Robert RODRIGUEZ, Plaintiff,

v.

Charles D. SARABYN, et al., and United States of America, Defendants.

Civ. No. W–95–CA–066.

United States District Court, W.D. Texas, Waco Division.

Sept. 25, 1995.

Richard Alan Grigg, Spivey, Grigg, Kelly & Knisely, P.C., Austin, TX, for Robert Rodriguez.

Stephen Henry Gardner, Dallas, TX, for Charles (Chuck) Sarabyn.

A. David Carlson, Carlson & Smith, Houston, TX, for Phillip J. Chojnacki.

R. Joseph Sher, Nina S. Pelletier, Department of Justice, Washington, DC, for Stephen E. Higgins, Edward D. Conroy, Daniel M. Hartnett, David C. Troy, James Cavanaugh, Ted Royster, Celestino Antonio Vargas.

Guy Michael Hohmann, Hohmann, Werner & Taube, Austin, TX, Rachel J. Stroud, Norton & Blair, Austin, TX, for Roger M. Solomon.

Marie Louise Hagen, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC, for Bureau of Alcohol, Tobacco, and Firearms.

Ned W. Greenberg, U.S. Department of Justice, Washington, DC, Marie Louise Hagen, Paul Boudreaux, U.S. Department of

Justice, Torts Branch, Civil Division, Washington, DC, for the U.S.

## ORDER

WALTER S. SMITH, Jr., District Judge.

Came on this day to be considered the Plaintiff's Motion for Default Judgment and the Defendants' response thereto. After careful consideration, the Court determines that the motion is without merit and is therefore denied.

### I. Background

Plaintiff Robert Rodriguez ("Rodriguez") has brought suit against the individual Defendants Stephen E. Higgins ("Higgins"), Edward D. Conroy ("Conroy"), Daniel M. Hartnett ("Hartnett"), David Troy ("Troy"), James Cavanaugh ("Cavanaugh"), Ted Royster ("Royster"), Celestino Antonio Vargas ("Vargas"), Roger M. Solomon ("Solomon"), Charles Sarabyn ("Sarabyn"), and Phillip Chojnacki ("Chojnacki") (collectively "Individual Defendants"), the Bureau of Alcohol, Tobacco and Firearms ("BATF") and the United States of America ("United States"). In his Original and Amended Complaints, the Plaintiff alleged many causes of action against the Defendants. However, after numerous motions were filed by the parties, the Plaintiff has "pared down" his causes of action to include only two legal theories. First, Plaintiff alleges that the Individual Defendants violated his common law rights. Thus, Plaintiff has pled, what are in essence, causes of action based on common law fraud. Second, Plaintiff alleges that the United States and BATF violated the Privacy Act, Title 5 U.S.C. § 552a, et seq., when they unlawfully disclosed information contained in his personnel records.

Because answers had not been filed by some of the Defendants, the Plaintiff filed a motion for default judgment on August 24, 1995. Defendants Sarabyn, Chojnacki and Solomon have filed answers in the present case. Therefore, a default judgment may not be entered against them. The United States, BATF, and the remaining Individual Defendants, however, had not filed an answer at the time the Plaintiff filed his motion for default judgment.

### II. Discussion

### A. When Must An Answer Be Filed— United States and BATF

When a party files suit against the United States or an officer or agency thereof, the United States has until sixty (60) days after service of process to file an answer. FED.R.CIV.P. 12(a)(3). If a motion to dismiss is filed with the district court, the United States must file an answer within ten (10) days after notice of the court's denial of the motion. FED.R.CIV.P. 12(a)(4)(A). Furthermore, all time limits in Federal Rule of Civil Procedure 12 are subject to the time extensions contained in Federal Rule of Civil Procedure 6. C. Wright & A. Miller, *Fed. Practice & Procedure: Civil* § 1346 (1990). Therefore, "the day of the act, event, or default from which the designated period begins to run shall not be included" when computing a period of time proscribed by the Federal Rules of Civil Procedure, and "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R.CIV.P. 6(a).

In the present case, the Court partially granted and partially denied the Defendants' Motion to Dismiss on August 8, 1995. Notice of the entry of the Court's order was received [1] by counsel for the Defendants on August 11, 1995. Including the three addi-

---

1. While the Defendants claim that the ten day period begins to run from the date they *received* the Court's order on August 11, 1995, this appears to be incorrect. Service by mail is complete upon mailing. FED.R.CIV.P. 5(b). The mere fact that the Defendant does not receive the mail or refuses to accept it does not generally affect its validity. *Anthony v. Marion County General Hospital,* 617 F.2d 1164, 1168 n. 5 (5th Cir.1980); Wright & Miller, § 1148. "A paper is mailed when it has been placed in an envelope ad-

dressed to the last known address of the opposing attorney—or a party when service on a party is proper—and is deposited in a United States Post Office or post office box." Wright & Miller, § 1148. However, because the Court does not keep a record of when its documents are mailed from the Clerk's Office, and there is no evidence to the contrary, the Court will assume that the August 8, 1995 Order was placed in the United States mail on August 11, 1995.

tional days allowed for service by mail, the Defendants were not required to file an answer until August 28, 1995. Since the United States and BATF filed an answer by this date, their answer was timely, and the Plaintiff's Motion for Default Judgment against the United States and BATF is denied.

**B.** *Federal Employees' Liability Reform and Tort Compensation Act of 1988 (Westfall Act)—Individual Defendants*

■ The Westfall Act was passed by Congress in 1988 to override the Supreme Court's decision in *Westfall v. Erwin*, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988). In that opinion, the Court held that a federal employee is immune from common law torts only if he can prove: 1) that he was acting within the scope of his employment, and 2) that he was performing a discretionary function. *Id.* at 299, 108 S.Ct. at 585; *Gutierrez de Martinez v. Lamagno*, — U.S. —, —, 115 S.Ct. 2227, 2232, 132 L.Ed.2d 375 (1995). Congress, however, reacted quickly to the Supreme Court's decision, and passed the Westfall act thereby eliminating the requirement that federal employees prove they were performing discretionary functions.[2] *Id.* at —, 115 S.Ct. at 2232. Consequently, federal employees cannot be held individually liable for common law torts if they were acting within the scope of their employment at the time the tort was committed. *Id.*

■ The initial decision of whether a federal employee was acting within the scope of his employment is determined by the Attorney General. *Kimbro v. Velten*, 30 F.3d 1501, 1504 (D.C.Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 2584, 132 L.Ed.2d 833 (1995). Title 28 U.S.C. Section 2679(d)(1) provides,

[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

Once the Attorney General certifies that the defendant was acting within the scope of his employment, the plaintiff's "claim is deemed an action against the United States—unless and until [he] establishes that [the defendant] was acting outside his scope of employment." *Kimbro*, 30 F.3d at 1509. The United States is substituted for the individual defendant immediately after the Attorney General certifies that the employee was acting within the scope of his employment. *Aliota v. Graham*, 984 F.2d 1350, 1355 (3rd Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 68, 126 L.Ed.2d 37 (1993). The Attorney General does not need to provide reasons or factual detail showing that the federal employee was acting within the course and scope of his employment. *Gutierrez*, — U.S. at —, 115 S.Ct. at 2230.

■ The Attorney General's decision that a federal employee was acting within the course and scope of his employment is not, however, final. The certification is subject to judicial review. *Id.* at —, 115 S.Ct. at 2234; *Garcia v. United States*, 62 F.3d 126, 127 (5th Cir.1995). However, "the Court is entitled to treat the Attorney General's certification as *prima facie* evidence that the employee's conduct at issue occurred within the scope of [his] employment." *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1543 (11th Cir.1990).

■ In the present case, Defendants Higgins, Hartnett, Conroy, Troy, Cavanaugh, Royster and Vargas have filed a certification of employment which states that they "were acting within the scope of their employment as Department of Treasury officials or employees at all times alleged in the Amended Complaint." *See Certification of Scope of Employment filed by Jeffrey Axelrad, Torts*

---

2. "Congress reacted quickly to delete the 'discretionary function' requirement, finding it an unwarranted judicial imposition, one that had 'created an immediate crisis involving the prospect of personal liability and the threat of protracted personal tort litigation for the entire Federal Workforce.'" *Gutierrez*, — U.S. at —, 115 S.Ct. at 2232 citing § 2(a)(5) 102 Stat. 4563.

*Branch, Civil Division, United States Department of Justice.* Additionally, the Attorney General has certified that Defendants Sarabyn and Chojnacki were also acting within the scope of their employment as Department of Treasury employees. *Id.*[3] Since the Attorney General has "certified" that the Defendants were acting within the scope of their employment at the time the alleged torts were committed, the Plaintiff's claims are deemed to be actions against the United States. The Government is, therefore, entirely correct when it maintains that an answer need not be filed by the Individual Defendants at the present time. However, the Court's August 8, 1995 Order acknowledged that the Plaintiff disputes whether the Defendants were acting within the course and scope of their employment at the time the alleged tortious conduct occurred. The Court's Order granted the Plaintiff the opportunity to conduct discovery to determine whether the Defendants were acting within the scope of their employment at the time the alleged tortious conduct occurred.[4] Consequently, the individual Defendants in the present case do not need to file an answer until a determination has been made as to whether they were acting within the course and scope of their employment. Accordingly, it is

**ORDERED** that the Plaintiff's Motion for Entry of Default Judgment is **DENIED.**

---

**3.** Sarabyn and Chojnacki are currently represented by private counsel and not the United States Government. Additionally, these Defendants have already filed timely answers.

**4.** Two issues not addressed by the parties in this case are 1) should federal or state law be used when determining whether an employee was acting within the scope of his employment, and 2) the standard and burden of proof required to prove that the employee was acting within his scope of employment. The first issue appears to have been recently addressed by the Fifth Circuit. *Garcia v. United States,* 62 F.3d at 127 (holding that "whether a particular federal employee was or was not acting within the scope of his employment is controlled by the law of the state in which the negligent or wrongful conduct occurred"). While the second question does not appear to have been addressed in the Fifth Circuit, circuits which have engaged in judicial review of certification prior to *Gutierrez* are instructive. *See S.J. & W Ranch, Inc. v. Lehtinen,* 913 F.2d 1538, 1542–44 (11th Cir.1990), *cert. denied,* 502 U.S. 813, 112 S.Ct. 62, 116 L.Ed.2d 37 (1991); *Brown v. Armstrong,* 949 F.2d 1007, 1011 (8th Cir.1991); *Kimbro v. Velten,* 30 F.3d 1501, 1509 (D.C.Cir.1994).