103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gary L. PEARSON and Donald D. Feare, Jr., Plaintiffs-Appellants,
v.
Milton FRIEND, Defendant-Appellee,
and
United States of America, Substituted Defendant-Appellee.
 No. 96-2608.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 13, 1996.
Decided Nov. 26, 1996.
 
 Before CUMMINGS, RIPPLE, and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Gary Pearson and Donald Feare, Jr., brought this defamation suit in Wisconsin state court against Milton Friend. Following removal, the United States was substituted as defendant pursuant to 28 U.S.C. § 2679(d)(1), based on the United States Attorney's certification that Friend's actions were taken within the scope of his employment as director of the National Wildlife Health Center in Madison, Wisconsin, which is operated by the National Biological Service of the Department of the Interior. The United States then successfully moved for dismissal on two grounds of sovereign immunity. The issue on appeal is whether the certification was correct. If it was, the appellants' tort action is extinguished; if not, substitution was improper, Friend is the correct defendant, and the sovereign immunity defenses asserted by the United States are inapplicable. We affirm.
 
 
 2
 The facts alleged by appellants, undisputed by the United States for the purposes of the motion to dismiss, are straightforward: Pearson is a doctor of veterinary medicine and Feare is the executive director of the Wildflight Rescue Foundation. The two traveled to Neenah, Wisconsin, in June 1995 to investigate and perhaps influence the city's plans to kill a population of urban mallard ducks in the Melrose Court area believed to be afflicted with infectious duck viral enteritis (also known as DVE or "duck plague"). On June 12 Friend allegedly stated to others, including Wisconsin Department of Natural Resources personnel, that Pearson and Feare are "animal-rights activists" who "travel the country testifying on behalf of animal-rights groups" and "present information which is not factual, not substantiated, not referenced, and not valid." Pearson and Feare assert that these remarks were defamatory.
 
 
 3
 In January 1996 appellants filed the present lawsuit. On February 15 Friend removed the action to federal district court.[1] A week later, the United States Attorney for the Western District of Wisconsin certified pursuant to the Westfall Act, 28 U.S.C. § 2679(d), that Friend was during the incident in question a federal employee acting within the scope of employment,[2] causing the substitution of the United States as defendant. Id. § 2679(d)(1). This substitution immunized Friend from personal liability and subjected the defamation claim to the requirements of the Federal Tort Claims Act (FTCA). See id. §§ 2679, 1346(b); United States v. Smith, 499 U.S. 160 (1991); Sullivan v. Freeman, 944 F.2d 334, 335-36 (7th Cir.1991). The United States then moved for dismissal for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), and for failure to state a claim, Fed.R.Civ.P. 12(b)(6), asserting two jurisdictional grounds: that appellants had not exhausted their administrative remedies, a jurisdictional prerequisite under the FTCA, 28 U.S.C. § 2675(a), and, alternatively, that the FTCA expressly does not waive sovereign immunity for acts of libel or slander, id. § 2680(h). The district court concluded that Friend acted within the scope of his employment and dismissed with prejudice on both grounds.
 
 
 4
 On appeal, Pearson and Feare urge that the district court erred on the threshold scope-of-employment question. We review the district court's dismissal of an action for lack of subject matter jurisdiction de novo, Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir.1995), and the parties agree that the substantive standards guiding the scope-of-employment inquiry are supplied by the state law, in this case Wisconsin's. Snodgrass v. Jones, 957 F.2d 482, 484 (7th Cir.1992); see also Aversa v. United States, No. 95-2216, 1996 WL 593509, at * 6-7 (1st Cir. Oct. 21, 1996); Garcia v. United States, 62 F.3d 126, 127 (5th Cir.1995) (en banc) (per curiam) (citing cases). As the Supreme Court recently held, and as had been the law of this circuit since Hamrick v. Franklin, 931 F.2d 1209, 1211 (7th Cir.), cert. denied, 502 U.S. 869 (1991), the United States Attorney's certification does not shield the scope-of-employment question from judicial review. Gutierrez de Martinez v. Lamagno, 115 S.Ct. 2227, 2230-31 (1995). As is evidently customary, the certification states no reasons supporting the United States Attorney's determination. Id. at 2230. The certification does, however, place the burden of demonstrating otherwise on the plaintiffs. Ezekiel, 66 F.3d at 899 (citing Hamrick, 931 F.2d at 1211).
 
 
 5
 As the Wisconsin Supreme Court noted in Olson v. Connerly, 457 N.W.2d 479, 483 (Wis.1990), the Wisconsin courts rely on the Second Restatement of Agency in determining scope of employment. As a general definition, the Restatement provides in relevant part:
 
 
 6
 (1) Conduct of a servant is within the scope of employment if, but only if:
 
 
 7
 (a) it is of the kind he is employed to perform;
 
 
 8
 (b) it occurs substantially within the authorized time and space limits; [and]
 
 
 9
 (c) it is actuated, at least in part, by a purpose to serve the master....
 
 
 10
 Restatement (Second) of Agency § 228 (1958). The district court in this case acknowledged these factors as they are paraphrased in the Wisconsin Civil Jury Instructions and further noted the alternative definition quoted from Prosser's Law of Torts in an older Wisconsin case, Cameron v. City of Milwaukee, 307 N.W.2d 164, 168-69 (Wis.1981), that the scope of employment includes "those acts which are 'so closely connected with what the servant is employed to do, and so fairly and reasonably incidental to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objectives of the employment.' "
 
 
 11
 The Cameron definition is not as complete as the Restatement's, but this is likely because of the narrow question addressed in that case, which was whether "scope of employment" was a concept identical to "color of law." Id. In answering that question in the negative, the Cameron court focused solely on what range of conduct each concept contemplated. In a full scope-of-employment inquiry, however, the court must weigh more than whether the alleged misdeeds were "closely connected with what the servant is employed to do." This is only the first element of the Restatement definition.
 
 
 12
 The district court began and ended its analysis on this first step. It observed that the purpose of the National Wildlife Health Center is to provide advice to, among others, state agencies in regard to wildlife health issues, and that the plaintiffs' research interests concerned wildlife health issues. It then determined that Friend's comments were "closely related to that which [he] was employed to do" and were "methods, even if improper, to implement the objectives of employment." Therefore, the district court concluded, Friend's statements were within the scope of employment.
 
 
 13
 The district court did not consider whether the statements were made "substantially within the authorized time and space limits" of Friend's employment or whether they were "actuated, at least in part, by a purpose to serve the master." Restatement (Second) of Agency § 228(1)(b)-(c) (1958). On this last point, the Olson Court made clear that "consideration must be given to whether the employee was actuated, at least in part, by a purpose to serve the employer." Olson, 457 N.W.2d at 484. As section 235 of the Restatement explains, conduct that would otherwise be within the scope of employment is outside the scope "if it is done with no intention to perform it as a part of or incident to a service on account of which he is employed."
 
 
 14
 Despite the incompleteness of the district court's analysis, a remand is not necessary. The precise issue before the district court was not whether the defendant had proved that Friend acted within the scope of his employment, but rather whether the United States Attorney's certification was correct. As noted above, Pearson and Feare had the burden of rebutting the presumption established by the certification. They completely failed, however, to present any evidence on point. In their opposition to the government's motion to dismiss, they included the depositions of various past and present officials, superior in rank to Friend, of the National Biological Service, all asserting that no employee was hired to defame others and that defamation would not further the objectives of the organization. The obvious point that an employer does not typically hire employees to commit torts does not automatically shield the employer from liability and, more importantly, it furnishes no evidence related to what actually happened in this case. Although Friend's intent is unknown, the thrust of his allegedly improper methods--essentially questioning the objectivity of Pearson and Feare based on, presumably, prior experience with their work--was not so divorced from his job description as to suggest that his actions were not designed to advance the Center's objective of advising state agencies on wildlife health issues.
 
 
 15
 The only evidence that Pearson and Feare presented that directly related to Friend, but again not to the incident in question, were the cursory statement of an officer of the Department of the Interior that Friend was not assigned to federal, state, or local planning for the Melrose Court area and a letter from Friend to a Melrose Court organizer interested in saving the ducks, stating that he was not personally familiar with the Neenah duck controversy. These documents merely suggest that Friend had not been officially assigned to the problem and do nothing to undermine the plausible presumption that Friend was acting, perhaps improperly, within the scope of his employment. There is no suggestion, for example, that Friend was unauthorized to offer advice at will to local officials on the credentials of purported experts in his field or that he otherwise exceeded the established "time and space" limitations of his employment. Under these circumstances, the government's hypothetical that the statements were solicited by an inquiry from the Wisconsin Department of Natural Resources personnel in regard to the Neenah duck problem is reasonable, and the appellants have revealed no colorable defect in the certification.
 
 
 16
 Because of the plaintiffs' failure to rebut the certification, the United States Attorney's scope-of-employment determination was conclusive for purposes of substitution. Given the valid sovereign immunity defenses asserted by the United States, dismissal for lack of jurisdiction was therefore proper. On these grounds, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The notice of removal asserted that "[t]his case is a civil action of which the United States District Court has original jurisdiction, in that under Title 28, United States Code, Section 1446(b), district courts are granted original jurisdiction of civil actions for personal injury caused by an act or omission on an employee of the government while acting within the scope of his employment." Section 1446(b), however, merely prescribes the procedure for removal and has nothing to do with removal jurisdiction. Despite this formal error, it appears from the language used that Friend intended to invoke section 1442(a)(1), which provides for the removal of civil actions against federal officials "for any act under color of such office." 28 U.S.C. § 1142(a)(1). If certification had been obtained first, 28 U.S.C. § 2679(d)(2) would have mandated removal
 
 
 [2]
 The Attorney General has delegated certification authority under the Westfall Act to the United States Attorneys in their respective districts, 28 C.F.R. § 15.3(a)