**James D. ZEGLIS, Plaintiff,**

v.

**Richard A. SUTTON, Defendant.**

**No. 97 C 3717.**

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 9, 1997.

---

James D. Zeglis, Rockford, IL, pro se.

Cathleen Rene Martwick, U.S. Attorney's Office, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff, James D. Zeglis, filed a tort action against defendant, Richard A. Sutton, a federal employee, in the Circuit Court for the Sixteenth Judicial Circuit in Kane County, Illinois. The action was removed to this court. The United States now moves to substitute itself as the proper party defendant in lieu of Mr. Sutton pursuant to 28 U.S.C. § 2679(d)(1) and to dismiss the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Under separate motion, the United States also moves to vacate a state court order of judgment against Mr. Sutton pursuant to Federal Rule of Civil Procedure 60(b). Since the two motions are interrelated, I decide them together. For the reasons set forth below, the motions are granted.

### Background

On May 13, 1997, Mr. Zeglis filed a tort action against Mr. Sutton in state court alleging that Mr. Sutton was negligent when his automobile collided with Mr. Zeglis's automobile. As a result, Mr. Zeglis suffered property damages and personal injuries.

Mr. Sutton is an employee of the United States Department of Veterans Affairs. The Attorney General's delegate certified that Mr. Sutton was a federal employee acting within the scope of his employment at the time of the alleged collision. This certification is supported by a memorandum written by Earl Parsons and by Earl Parson's affidavit, stating that Mr. Sutton was acting within the scope of his employment. Mr. Parsons is Mr. Sutton's supervisor at the Regional Office of the Department of Veterans Affairs.

Mr. Zeglis contests this certification. He claims that Mr. Sutton was not acting within the scope of his employment. However, he has not presented any affidavits or other materials to support his claim.

On May 20, 1997, based on the Attorney General's certification, the United States timely removed this action from the Circuit Court to this court. The United States filed a Notice of Removal with this court and mailed copies of the Notice to both Mr. Zeg-lis and the Circuit Court in Kane County, Illinois. The United States did not appear at the Circuit Court on May 27, as required, because it had complied with the requisite removal procedures.

The Clerk of the Circuit Court received and filed a copy of the Notice of Removal on May 27, 1997. Also on May 27, Mr. Zeglis obtained a default judgment against Mr. Sutton in the Circuit Court. It is unclear whether the default judgment was obtained before or after the Notice of Removal was filed.

On June 24, 1997, the United States first learned of the default judgment against Mr. Sutton. By July 3, 1997, the United States moved to vacate that judgment.

### Motion to Substitute United States as Defendant

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, provides the exclusive remedy for torts committed by any federal employee while acting within the scope of employment. 28 U.S.C. § 2679(b)(1). Section 2679(d)(1) of the FTCA provides that upon certification by the Attorney General or her delegate that an individual defendant was acting in the scope of his employment, the tort action "shall be deemed to be an action against the United States ... and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

However, certification by the Attorney General or her delegate does not conclusively establish that the defendant was acting within the scope of his employment at the time the alleged tort occurred. Certification as to scope of employment is subject to review. *See Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 430–35, 115 S.Ct. 2227, 2235–2236, 132 L.Ed.2d 375 (1995); *Hamrick v. Franklin,* 931 F.2d 1209, 1210 (7th Cir.), *cert. denied,* 502 U.S. 869, 112 S.Ct. 200, 116 L.Ed.2d 159 (1991). But review of proper certification is not a jury question as Mr. Zeglis contends. *See Hamrick,* 931 F.2d at 1210 ("scope determination is subject to *judicial* review") (emphasis added); *see also Schrob v. Catterson,* 967 F.2d 929, 935 (3rd Cir.1992) (finding that a jury trial on the

issue of scope would frustrate Congress' intent to protect federal employees). The district court has the power to review the certification and "should give *de novo* review to determine whether the certification was proper." *Hamrick,* 931 F.2d at 1211; *Employers Ins. of Wausau v. Bush,* 791 F.Supp. 1314, 1324 (N.D.Ill.1992). "In this review, the plaintiff [has] the burden of showing that the [defendant's] conduct was not within the scope of employment." *Hamrick,* 931 F.2d at 1211.[1]

■ In this case, the Attorney General's delegate certified that Mr. Sutton was a federal employee acting within the scope of his employment. This certification was supported by an affidavit and document from Mr. Sutton's supervisor at the Department of Veteran Affairs. Mr. Zeglis contests the certification but has not provided any affidavits or other evidentiary materials to support his contest. Mr. Zeglis merely states that the Attorney General's certification is not conclusive as to scope of employment. This is not sufficient to meet his burden of showing that Mr. Sutton's conduct was not within the scope of his employment. *See, e.g., Wausau,* 791 F.Supp. at 1325 ("mere conclusory allegations are not sufficient"). Thus, the United States' motion to substitute itself as defendant is granted.

### Motion to Vacate Order of Judgment

■ The motion to vacate the state court default judgment under Rule 60(b) is proper under two circumstances: 1) if removal divested the state court of jurisdiction, thus the judgment was void, or 2) if the state court had jurisdiction but relief from the judgment is appropriate on the basis of mistake, inadvertence, surprise, or excusable neglect.

### A. Removal

A notice of removal must be filed within 30 days of defendant's receipt of plaintiff's summons or complaint. 28 U.S.C. § 1446(b). Promptly after filing such notice, the defendant "shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such state court, which shall effect the removal and the state court shall proceed no further." 28 U.S.C. § 1446(d).

■ There is some dispute as to when removal is effective. Some courts hold that removal is effective when the notice of removal is filed in federal court. *See, e.g., Barrett v. Southern Railway Co.,* 68 F.R.D. 413, 419–420 (D.S.C.1975). Others hold that removal is effected by filing a copy of the notice of removal in state court. *See, e.g., Anthony v. Runyon,* 76 F.3d 210, 214 (8th Cir.1996). Finally, some hold that the state and federal courts have concurrent jurisdiction if there is a time lag between filing the notice of removal with the federal court and notifying the state court. *See, e.g., Berberian v. Gibney,* 514 F.2d 790, 792–793 (1st Cir.1975). I agree with the Court in *Anthony v. Runyon* that the language of the act seems clear. Removal is effective when the notice of removal is filed in state court.

In this case, the notice of removal was filed in federal court on May 20, 1997. The state court was notified of the removal on May 27, 1997, and the default judgment was entered on that same day. The validity of the default depends on whether the state court received the notice of removal before or after the default judgment. From the facts, it is unclear which came first. If notification was first, the default judgment is void. But if I give Mr. Zeglis the benefit of the doubt and find that the judgment was entered before the Circuit Court was notified of removal, then the state court had jurisdiction to enter the default.

### B. Validity of the Default Judgment

■ Under Rule 60(b)(1), this court may relieve a party from a default judgment for mistake, inadvertence, surprise, or excusable neglect if the party meets its burden of showing (1) that good cause existed for the de-

---

1. Other circuits have also held that certification is prima facie evidence that the employee's challenged conduct was within the scope of employment and that plaintiff bears the burden of coming forward with specific evidence showing that the defendant's conduct was not within the scope of employment. *Anthony v. Runyon,* 76 F.3d 210, 213, 215 (8th Cir.1996); *Billings v. United States,* 57 F.3d 797, 800 (9th Cir.1995); *Schrob v. Catterson,* 967 F.2d at 935.

fault; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Jones v. Phipps,* 39 F.3d 158, 162 (7th Cir.1994). The United States has met this burden.

■ First, the United States did not appear at the Circuit Court on May 27, 1997 because the Notice of Removal had been filed with this court on May 20, 1997, and mailed to Mr. Zeglis as well as to the Circuit Court on that date. The United States justifiably presumed that the notice would reach Mr. Zeglis and the Circuit Court before the required appearance date of May 27. Second, the United States took quick action to correct the default when it received the notice of default on June 24, 1997. It filed the Motion to Vacate Order of Judgment on July 3, 1997. Finally, the United States has articulated a meritorious defense to the original complaint. The United States alleges that Mr. Sutton is not the proper defendant and that the United States should be substituted as the defendant under the FTCA and the action dismissed. Accordingly, the motion to vacate the default judgment is granted.

### Motion to Dismiss for Lack of Subject Matter Jurisdiction

■ On a motion to dismiss under Rule 12(b)(1), Fed.R.Civ.P., for lack of subject matter jurisdiction, the plaintiff has the burden of establishing that all jurisdictional requirements have been satisfied. *Kontos v. United States Dep't of Labor,* 826 F.2d 573, 576 (7th Cir.1987). The district court, in ruling, should "accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir.1993).

■ Under the FTCA, an action against the United States may not be instituted unless the plaintiff has first exhausted his administrative remedies. 28 U.S.C. § 2675(a). He must present his claim to the appropriate federal agency. *Id.* Only after the agency has denied his claim or has not responded within six months, may he bring suit in district court. *Id.* Until that time, the district court lacks subject matter jurisdiction. *See McNeil v. United States,* 508 U.S. 106, 112–13, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

### Conclusion

Mr. Zeglis' complaint is devoid of any allegation that he exhausted his administrative remedies with the United States Department of Veteran Affairs. Therefore, the complaint must be dismissed pursuant to Federal Rule of Civil Procedure for 12(b)(1). However, as the plaintiff may not have known about Mr. Sutton's employment position at the time of the alleged accident, this complaint is dismissed without prejudice.